# EXHIBIT A

# BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
www.bartlit-beck.com

CHICAGO OFFICE

COURTHOUSE PLACE
54 WEST HUBBARD STREET
CHICAGO, IL 60610
TELEPHONE: (312) 494-4400
FACSIMILE: (312) 494-4440

DENVER OFFICE

1899 WYNKOOP STREET
8TH FLOOR
DENVER, CO 80202
TELEPHONE: (303) 592-3100
FACSIMILE: (303) 592-3140

WRITER'S DIRECT DIAL:
(312) 494-4428
sean.gallagher@bartlit-beck.com

November 27, 2007

**Via Facsimile**

Michael F. Kelleher
Folger Levin & Kahn LLP
Embarcadero Center West
275 Battery Street – 23rd Floor
San Francisco, CA  94111

Dear Michael:

    We had a discussion today about CardioNet's plans for filing a motion for preliminary injunction and your related request that LifeWatch agree to a schedule that allows expedited discovery with respect to that planned motion.  You took the position that CardioNet will file a motion for expedited discovery because LifeWatch would not agree to your proposal.

    I am writing to ensure that there is no misunderstanding about LifeWatch's position.

    LifeWatch can agree to expedite appropriate discovery, in the event CardioNet files a motion for preliminary injunction, but we cannot agree to the unilateral, one-way discovery that CardioNet has proposed.  We in fact suggested a schedule under which both parties would serve and take expedited discovery concerning CardioNet's motion, but you refused to agree to that.  Instead, you insisted that CardioNet be allowed to proceed with expedited discovery to support its motion, without any provision for LifeWatch also to take discovery, on a similar basis during the same period, in order to defend itself.  While we can agree in principle to expedited discovery, we could not agree to that.

BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP

Michael F. Kelleher
November 27, 2007
Page 2


      Separately, we explained our view that any discussion about the scope of the discovery that will be taken with respect to CardioNet's motion, in particular the scope of discovery that LifeWatch will take, is premature. CardioNet has not yet filed any motion for preliminary injunction, nor have you told us the claims or arguments you intend to rely upon in support of that motion. For example, you hinted that you might not be relying on your trade secrets claim as a basis for obtaining preliminary injunctive relief, but would not commit to that. The nature of the claims you assert in support of the preliminary injunction motion has an obvious impact on the discovery that both parties will need to take concerning the motion.

      We suggested that you defer filing your proposed motion for expedited discovery for a few days, until after you have actually filed your preliminary injunction motion and LifeWatch has had the opportunity to draft its own discovery requests on the issues raised by that motion. At the very least, deferring the filing would allow us to confer meaningfully about the scope of discovery that needs to be taken and about the timing of that discovery, which in turn would allow us to narrow if not eliminate the issues that need to be addressed by the Court. By filing your motion for expedited discovery precipitously, before you have even drafted your motion for preliminary injunction, you are defeating this essential purpose of the "meet and confer" requirement.

      We continue to believe that a motion on expediting discovery is premature and, given LifeWatch's stated positions, likely to be unnecessary. We urge you to reconsider your planned filing. At the very least, we expect you not to mischaracterize LifeWatch's positions in your motion papers.

                                                       Very truly yours,

                                                       Sean W. Gallagher


SWG/sed