UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARDIONET, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIFEWATCH CORP., HANNA KONARZEWKA, M.D., DOE 1 and DOE 2. <br><br> Defendants. | Case No. 07C 6625 <br><br> District Judge Conlon <br><br> Magistrate Judge Denlow |

_____

**CARDIONET'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO ALLOW AMENDMENT
OF FIRST AMENDED COMPLAINT TO IDENTIFY DOE 1 AND DOE 2**
_____

**I.   INTRODUCTION**

This case arises from LifeWatch's examination of two CardioNet medical devices prescribed by LifeWatch's in-house medical advisor to two LifeWatch employees (identified as Doe 1 and Doe 2 in the complaint and first amended complaint). LifeWatch claims its actions were taken in order to ensure its purported intellectual property rights were not being infringed. Because the devices were apparently used for LifeWatch's testing and not for valid health monitoring, CardioNet asserts that the health privacy protections for patient information of the Health Insurance Portability and Accountability Act ("HIPAA") do not apply. CardioNet has sought consent from LifeWatch to amend the first amended complaint to identify the individual

1

defendants Doe 1 and Doe 2, but LifeWatch has refused to provide its consent. Accordingly, CardioNet by this motion respectfully requests an order allowing it to amend the First Amended Complaint to substitute the real names of Doe 1 and Doe 2, and to use those real names in public filings in the litigation.

## II.   FACTUAL BACKGROUND

On or about September 11, 2007, LifeWatch's in-house medical advisor, defendant Konarzewka, wrote prescriptions for CardioNet's Mobile Cardiac Outpatient Telemetry ("MCOT") services for two LifeWatch employees who have been identified in CardioNet's complaint and first amended complaint as Does 1 and 2. Affidavit of Edward Stone in Support of Motion to Allow Amendment of First Amended Complaint ("Stone Affidavit") ¶ 1. CardioNet's MCOT kit is intended to be prescribed for monitoring of electrocardiogram signals as a diagnostic service. *Id.* ¶ 1. Pursuant to Konarzewka's prescriptions, on September 11, 2007, CardioNet provided both Doe 1 and Doe 2 with MCOT kits. *Id.* ¶ 1. At the time of providing the kits, CardioNet did not know that Doe 1 and Doe 2 were LifeWatch employees, but CardioNet discovered that fact later in seeking return of its kits. *Id.* ¶ 1.

In activating the CardioNet MCOT kits, Doe 1 and Doe 2 were required to agree to return the kits immediately at the end of the monitoring period, and not to tamper with, reverse engineer, or transfer the kits. *Id.* ¶ 2.

Despite the promises of Doe 1 and Doe 2 not to tamper with or transfer the kits, LifeWatch apparently obtained possession of the kits, purportedly with "the intent to ensure that [LifeWatch's] patents or other proprietary rights have not been infringed." Affidavit of Michael Kelleher in Support of Motion to Allow Amendment of First Amended Complaint ("Kelleher

Aff.") ¶ 3, Exh. B. (November 20, 2007 Perra letter to Kelleher). One of LifeWatch's tests of the CardioNet kits appears to have occurred on October 26, 2007, when the CardioNet MCOT kit prescribed to Doe 1 was used with a cardiac test machine that simulated a cardiac emergency, causing CardioNet to alert Chicago authorities who responded in error to the home of Doe 1. Stone Aff. ¶ 3.

Despite their promises made during activation of the CardioNet kits, Doe 1 and Doe 2 failed to return the MCOT kits to CardioNet immediately. *Id.* ¶ 4. After CardioNet repeatedly contacted Doe 1, his kit was received by CardioNet on November 16, 2007. *Id.* ¶ 4. Doe 2 initially claimed that her kit had been lost by movers, and directed CardioNet not to contact her employer, LifeWatch. *Id.* ¶ 4.

On November 16, 2007, CardioNet's counsel sent a cease and desist letter to Yacov Geva, CEO of LifeWatch, and Dr. Konarzewka demanding return of CardioNet's devices. Kelleher Affidavit ¶ 2. In a telephone conversation on November 23, 2007, LifeWatch's counsel admitted that LifeWatch was still in possession of the CardioNet MCOT kit prescribed to Doe 2. *Id.* ¶ 4. CardioNet picked up the MCOT kit prescribed to Doe 2 from LifeWatch's offices on November 26, 2007 – the day the Complaint in this matter was filed. Kelleher Aff. ¶ 5.

In meet and confer conversations between counsel for CardioNet and LifeWatch, LifeWatch's counsel, Mr. Perra, admitted that LifeWatch knew the names of Doe 1 and Doe 2, and Mr. Perra agreed to accept service of the complaint on their behalf. *Id.* ¶ 6. However, Mr. Perra has stated that he does not have authority to agree to amendment of the complaint to allow use of the real names of Doe 1 and Doe 2. *Id.*

### III.     ARGUMENT

**A.    Because HIPAA Protects Only Personal Health Information, Identifying Does 1 and 2 in the First Amended Complaint Does Not Implicate HIPAA.**

HIPAA regulates only the use or disclosure of "protected health information" – information that identifies an individual, is created or received by a health care provider, and "relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual." 45 C.F.R. § 164.502(a); 42 U.S.C. § 1171(6). HIPAA's privacy regulations are limited to information related to an individual's health because their goal is to ensure "the willingness of individuals to share the most intimate details of their lives with their health care providers." 65 Fed. Reg. 82462, 82467 (2000).

As set forth in the facts above, Does 1 and 2 obtained CardioNet's MCOT devices not for purposes of their health care, but rather to serve LifeWatch's business objectives. Thus, identifying Does 1 and 2 in the First Amended Complaint will not reveal personal health information about them and HIPAA does and should not apply.

**B.    A Court Order That Does 1 and 2 Be Identified Is Authorized By HIPAA.**

Even if protected health information were involved (which it is not), HIPAA authorizes the Court to issue an order allowing CardioNet to identify Doe 1 and Doe 2 in the litigation. An entity covered by HIPAA

> "may disclose protected health information in the course of any judicial or administrative proceeding:
>
> i. In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order."

45 C.F.R. § 164.512(e). In this case, an order that Does 1 and 2 be identified is justified for at least the following reasons:

4

First, it is now apparent that Doe 1 and Doe 2 obtained their CardioNet MCOT kits not for their health, but to enable LifeWatch to circumvent CardioNet's restrictions on distribution of its MCOT kits and to allow LifeWatch to examine the kits.

Second, the only privacy objection raised by Doe 1 or Doe 2 to CardioNet was Doe 2's direction that CardioNet not inform LifeWatch about her prescription for CardioNet's MCOT service. Given that CardioNet retrieved Doe 2's MCOT kit from her employer LifeWatch rather than from Doe 2, this sole objection is now moot ( and it was unlikely ever bona fide).

Third, naming Does 1 and 2 in the litigation will ease the administrative burden on all parties and the Court, including obviating the need to file documents under seal that reference Doe 1 or Doe 2 by name, and allowing CardioNet to use standard legal processes to obtain discovery from these defendants.

Given these circumstances, a Court order that Does 1 and 2 be identified is in accord with HIPAA.

### IV.   CONCLUSION

CardioNet filed its Complaint and First Amended Complaint without using the real names of Doe 1 and Doe 2 out of an abundance of caution, because it did not want Defendants to claim violations of the patient privacy obligations imposed by HIPAA. However, as there is no merit to any objection under HIPAA regarding the identification of Does 1 and 2 in the First Amended Complaint, CardioNet respectfully requests the Court for an order allowing an amendment to the First Amended Complaint to identify Does 1 and 2 by name.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | CARDIONET, INC. |
| Dated: December 6, 2007 | |
|  | By: s/Alisa Simmons_____ |

Thomas L. Duston
Gregory J. Chinlund
Alisa C. Simmons
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive, 6300 Sears Tower
Chicago, Illinois 60606-6357
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

FOLGER LEVIN & KAHN LLP
Michael F. Kelleher
(pro hac vice application to be filed)
Julie L. Fieber
(pro hac vice application to be filed)
Amy L. Kashiwabara
(pro hac vice app. to be filed)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA  94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Plaintiff CARDIONET, INC.

## CERTIFICATE OF SERVICE

I, Alisa Simmons, one of the attorneys for Plaintiff CardioNet, Inc., hereby certify that on this 6th day of December 2007, I caused a copy of the foregoing CARDIONET'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO ALLOW AMENDMENT OF FIRST AMENDED COMPLAINT TO IDENTIFY DOE 1 AND DOE 2 to be filed electronically with the Court using the Court's Electronic Case Filing System which will send notice of electronic filing to the following:

Sean W. Gallagher
Sean.Gallagher@bartlit-beck.com

                                                      s/ Alisa Simmons
                                                      Alisa C. Simmons
                                                      Attorney for CardioNet, Inc.
                                                      MARSHALL, GERSTEIN & BORUN LLP
                                                      6300 Sears Tower
                                                      233 South Wacker Drive
                                                      Chicago, IL 60606-6357
                                                      (312) 474-6300 (Phone)
                                                      (312) 474-0448 (Facsimile)