MARSHALL, GERSTEIN & BORUN LLP
Thomas L. Duston
Gregory J. Chinlund
233 South Wacker Drive
6300 Sears Tower
Chicago, Illinois 60606-6357
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

FOLGER LEVIN & KAHN LLP
Michael F. Kelleher (pro hac vice application to be filed)
Julie L. Fieber (pro hac vice application to be filed)
Amy L. Kashiwabara (pro hac vice application to be filed)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Plaintiff CARDIONET, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CARDIONET, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>LIFEWATCH CORP., HANNA KONARZEWKA, M.D., DOE 1 and DOE 2.<br><br>        Defendants. | Case No. 07C 6625<br><br>**AFFIDAVIT OF MICHAEL F. KELLEHER IN SUPPORT OF PLAINTIFF CARDIONET'S MOTION TO ALLOW AMENDMENT OF COMPLAINT TO IDENTIFY DOE 1 AND DOE 2** |

I, Michael F. Kelleher, hereby declare as follows:

1. I am a partner at Folger Levin & Kahn LLP, attorneys for CardioNet, Inc. ("CardioNet"), plaintiff in the above-captioned action. I have personal knowledge of the following matters and could and would testify competently with respect to them.

2. On November 16, 2007, I sent cease and desist letters to defendants LifeWatch Corp. and Hanna Konarzewka, demanding return of the devices prescribed to Doe 1 and Doe 2. True and correct copies of this letter is attached hereto as **Exhibit A**.

3. On November 20, 2007, LifeWatch's counsel, Kevin Perra, wrote to me and, without denying that it had CardioNet's MCOT kit, for the first time claimed LifeWatch's actions were "taken with the intent to ensure that its patents or other proprietary rights have not been infringed." A true and correct copy of that letter is attached hereto as **Exhibit B**.

4. In a telephone conversation on November 23, 2007, LifeWatch's counsel admitted that LifeWatch was still in possession of the CardioNet MCOT kit prescribed to Doe 2.

5. CardioNet picked up the MCOT kit prescribed to Doe 2 from LifeWatch's offices on November 26, 2007 – the day the Complaint in this matter was filed.

6. In meet and confer conversations between counsel for CardioNet and LifeWatch, LifeWatch's counsel, Mr. Perra, admitted that LifeWatch knew the names of Doe 1 and Doe 2, and Mr. Perra agreed to accept service of the complaint on their behalf. However, Mr. Perra has stated that he does not have authority to agree to amendment of the complaint to allow use of the real names of Doe 1 and Doe 2.

I declare under penalty of perjury under the laws of the United States and the State of Illinois that the foregoing is true and correct.

Executed this 21st day of November, 2007, in San Francisco, California.

*Michael F. Kelleher*
Michael F. Kelleher

19084\2010\578301.1

# EXHIBIT A

FOLGER LEVIN & KAHN LLP

ATTORNEYS AT LAW

Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, California 94111
Telephone 415.986.2800
Facsimile 415.986.2827

Los Angeles Office:
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone 310.556.3700
Facsimile 310.556.3770

www.flk.com

November 16, 2007

**Via Fax (847-720-2111) and Federal Express**

Yacov Geva
Hanna Konarzewka, M.D.
O'Hare International Center II
10255 West Higgins Road, Suite 100
Rosemont, IL 60018

Re:   CardioNet Monitoring Equipment

Dear Mr. Geva and Dr. Konarzewka:

      On behalf of my client, CardioNet, Inc., I write to demand that LifeWatch cease and desist from recent attempts by LifeWatch employees to steal CardioNet's heart monitoring equipment. CardioNet believes that its monitoring equipment was fraudulently prescribed by Dr. Konarzewka and illegally diverted to LifeWatch in order to allow misappropriation of CardioNet's confidential, proprietary and trade secret information. CardioNet has notified local and federal authorities of possible criminal activity in connection with the disappearance and unauthorized use of its equipment, and it plans to file a civil lawsuit against LifeWatch early next week unless LifeWatch cooperates and this matter can be resolved to CardioNet's satisfaction as explained below.

      On September 11, 2007, Dr. Konarzewka, LifeWatch's in-house medical advisor, wrote two prescriptions for CardioNet's heart monitoring equipment for LifeWatch employees (These employees will remain unnamed in this letter due to their meritless assertions of privacy concerns.) While the CardioNet equipment was in the possession of the LifeWatch "patients," one of the devices was used to send fraudulent electronically simulated transmissions of a serious life threatening arrhythmia which caused an erroneous emergency call and response by Chicago EMS on October 26, 2007. After the end of the monitoring period, both LifeWatch employees failed to return the CardioNet monitoring equipment immediately despite their agreement with CardioNet to do so. After repeated demands by CardioNet, one of the LifeWatch employees shipped the equipment back to CardioNet which received it yesterday. The equipment shows signs that it has been opened and tampered with. The other LifeWatch employee continues to claim that the CardioNet equipment has been lost.

      CardioNet has extreme concern that LifeWatch has stolen and misused CardioNet's equipment in order to misappropriate CardioNet's intellectual property and unfairly compete with CardioNet. Accordingly, CardioNet is preparing to institute civil litigation early next week against LifeWatch, Dr. Konarzewka, and the LifeWatch employees.

FOLGER LEVIN & KAHN LLP

Yacov Geva<br>
Hanna Konarzewka, M.D.<br>
November 16, 2007<br>
Page 2

      In order to potentially avoid litigation, we demand that you contact us immediately to explain your actions, ensure the prompt return of the CardioNet equipment, and provide adequate assurances that CardioNet's intellectual property has been protected. At a minimum, CardioNet will require depositions under oath from the LifeWatch personnel involved as to these events.

      Please contact me no later than 5:00 p.m. Central Time on Monday, November 19, 2007 if you wish to discuss the possibility of resolving this matter without litigation. I can be reached today or over the weekend by email at mkelleher@flk.com and on my direct line, 415-365-7813.

      Very truly yours,

      *Michael F. Kelleher*

      Michael F. Kelleher

19084\2010\576466.1

# EXHIBIT B

**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

Kevin J. Perra
Member of the Firm

Direct Dial 212.969.3454
kperra@proskauer.com

November 20, 2007

**BY E-MAIL AND OVERNIGHT COURIER**

Michael F. Kelleher, Esq.
Folger Levin & Kahn LLP
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, California 94111

Dear Mr. Kelleher:

We are counsel to Life Watch and write in response to your November 16 letter. Lifewatch has neither stolen nor misappropriated any of Cardionet's confidential, proprietary or trade secret information. Life Watch's actions were taken with the intent to ensure that its patents or other proprietary rights have not been infringed.

In the event that Cardionet nevertheless determines to file a lawsuit, please provide me with a courtesy copy of the Complaint.

Finally, our client has asked that your client please refrain from communicating with Life Watch employees. All communications concerning this matter should be directly with this firm.

Life Watch expressly reserves all of its rights, claims, remedies and defenses.

Very truly yours,

*[signature]*

Kevin J. Perra

**PROSKAUER ROSE LLP**

Michael F. Kelleher, Esq.
November 20, 2007
Page 2

cc (by E-Mail):

    James Shalek, Esq.
    Yuval Tal, Esq.
    Mr. Yacov Geva
    Dr. Hanna Konarzewka