UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARDIONET, INC., <br><br> Plaintiff <br><br> v. <br><br> LIFEWATCH CORP., HANNA KONARZEWSKA, M.D., JOEL LEHMAN and LISA AMENT. <br><br> Defendants. <br><br> LIFEWATCH CORP., <br><br> Counter-plaintiff <br><br> v. <br><br> CARDIONET, INC., <br><br> Counter-defendant. | Case No. 07C 6625 <br><br> District Judge Suzanne B. Conlon <br><br> Magistrate Judge Morton Denlow |

**PLAINTIFF CARDIONET'S SUBMISSION REGARDING THE CONDUCT OF AND SCHEDULE FOR PRELIMINARY INJUNCTION HEARING**

In accordance with the Order for Expedited Discovery and Setting Status Conference entered by the Court on November 30, 2007, Plaintiff CardioNet, Inc. hereby submits its written proposal with regard to the conduct of and schedule for the preliminary injunction hearing in this case.

Plaintiff met and conferred with counsel for Defendants regarding this submission, but the parties have been unable to reach agreement on the scheduling for briefing and hearing on

Plaintiff's Motion.

In accordance with this Court's order of November 20, 2007, the parties have engaged in expedited discovery. That discovery has confirmed that an in-house doctor working for LifeWatch fraudulently prescribed CardioNet's device to two LifeWatch employees. The LifeWatch employees thereafter agreed to a contract that prohibited tampering, reverse engineering, or transfer of the CardioNet devices. In breach of that contract, LifeWatch and its parent corporation made a detailed examination of CardioNet's heart monitoring sensor, which incorporates trade secret circuit designs. These same engineers who examined the CardioNet devices are designing LifeWatch's next generation device. Defendant LifeWatch has refused CardioNet's requests that it refrain from using information improperly gained from CardioNet's devices pending this Court's decision on CardioNet's request for a preliminary injunction. There exists an imminent threat that LifeWatch will use trade secret information from CardioNet's sensor in developing its competing device.

Defendants seek to delay the preliminary injunction hearing. Defendant argues that it requires discovery with respect to its own trade secret counterclaim recently filed on January 4, 2008. Defendants assert that CardioNet may not enjoin LifeWatch's use of CardioNet's trade secret information because in a separate incident some seven months ago, CardioNet examined a LifeWatch device which was not similarly the subject of any contract restrictions.

LifeWatch's discovery should not delay the preliminary injunction hearing. LifeWatch's Vice President of Technology has testified that a visual inspection of LifeWatch's device as performed by CardioNet could not have revealed any LifeWatch trade secrets. Moreover, this separate incident does not entitle LifeWatch to misappropriate CardioNet's trade secrets and breach its contractual commitments to CardioNet under a theory of "unclean hands." *See Baal v.*

*McDonald's Corp.*, 422 N.E.2d 1166, 1171, 97 Ill. App. 3d 495 (1981) ("unclean hands" must have been conduct in connection with the very transaction being considered or complained of).

CardioNet respectfully requests that the Court adopt the briefing and hearing schedule proposed below, subject to the constraints of the Court's own calendar:

1.	Plaintiff shall serve Defendants with an amended motion for preliminary injunction and supporting pleadings, reflecting information obtained during the expedited discovery previously ordered by this Court, on or before January 11, 2008.[1]  Plaintiff is requesting an exception to Local Rule 7.1 which would allow it to file an opening brief of up to twenty-five (25) pages in length.

2.	Defendants shall file and serve Plaintiff with their opposition to the amended motion for preliminary injunction within two (2) weeks of service of Plaintiff's amended pleading.

3.	Plaintiff shall file and serve its reply in support of the amended motion for preliminary injunction within three (3) calendar days of Defendants' serving their opposition.

4.	A one-day hearing shall be held by the Court on January 30, 2008 at 9:00 a.m., or as soon thereafter as the Court's schedule will allow, for the presentation of live testimony and oral argument on the amended motion for preliminary injunction.  Each party shall be entitled to one half of the time allotted by the Court to present its testimony and conduct argument.

//

//

---

[1] That amended pleading will contain reference to deposition testimony and documents that the parties have designated as Confidential Attorneys' Eyes Only.  The parties have been working to reach a joint stipulation seeking a protective order which, among other things, will permit the filing of such information under seal.  Plaintiff shall file its amended pleading as soon as practicable upon the entry of such an order.

<table>
<tr><td>Dated: January 8, 2008</td><td>Respectfully submitted,<br>CARDIONET, INC.<br><br>By:      /s Michael F. Kelleher    <br><br>FOLGER LEVIN & KAHN LLP<br>Richard Keenan (admitted pro hac vice)<br>Michael F. Kelleher (admitted pro hac vice)<br>Julie L. Fieber (admitted pro hac vice)<br>Amy L. Kashiwabara (admitted pro hac vice)<br>Embarcadero Center West<br>275 Battery Street, 23rd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 986-2800<br>Facsimile: (415) 986-2827<br><br>Thomas L. Duston<br>Gregory J. Chinlund<br>Julianne Hartzell<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive, 6300 Sears Tower<br>Chicago, Illinois 60606-6357<br>Telephone: (312) 474-6300<br>Facsimile: (312) 474-0448<br>tduston@marshallip.com<br>gchinlund@marshallip.com<br><br>Attorneys for Plaintiff and Counter-defendant<br>CARDIONET, INC.</td></tr>
</table>

19084\2010\583141.1