UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARDIONET, INC., | |
|     Plaintiff and Counterclaim Defendant, | Case No. 07 C 6625 |
| v. | District Judge Suzanne B. Conlon |
| LIFEWATCH CORP. | Magistrate Judge Morton Denlow |
|     Defendant and Counterclaim Plaintiff, | |
|     and | |
| HANNA KONARZEWSKA, M.D., JOEL LEHMAN and LISA AMENT. | |
|     Defendants. | |

### DEFENDANTS' STATUS REPORT AND SUBMISSION REGARDING CONDUCT OF HEARING ON CARDIONET'S MOTION FOR PRELIMINARY INJUNCTION

The Court ordered the parties to provide a status update and to make a proposal about the conduct of and scheduling for the hearing on CardioNet's motion for preliminary injunction. The parties generally agree on the format of the hearing. We propose that the parties provide supplemental briefing based on the discovery that the Court ordered to proceed and that at the hearing the parties present witnesses and split the available time for presentation of evidence and argument. The parties have been unable to agree on a joint submission to the Court, however, because we fundamentally disagree about the *timing* of the additional briefing and the hearing on CardioNet's motion.

CardioNet – the plaintiff in this case and the party seeking preliminary equitable relief – wants the Court to proceed to a hearing on its motion before CardioNet has

provided meaningful discovery concerning its claims or the defenses that LifeWatch is entitled to assert. The Court ordered *both* parties to submit to expedited discovery in advance of the hearing. LifeWatch has complied; CardioNet has not. CardioNet should not be allowed to proceed with its motion, or to seek preliminary injunctive relief, while itself refusing to provide discovery on its claims.

## **Backround**

This is a case about alleged misappropriation of trade secrets. CardioNet filed its initial Complaint on November 26 and subsequently filed two amended complaints. CardioNet asserts, in essence, that LifeWatch misappropriated trade secrets by obtaining and examining the heart monitor that CardioNet provides to patients. LifeWatch and the individual defendants have moved to dismiss all but two of the claims asserted against them. (Docket 35-36). LifeWatch has also filed counterclaims alleging, among other things, that CardioNet engaged in behavior that is similar to the behavior that CardioNet alleges to be unlawful in its own Complaint. (Docket 34)

CardioNet filed its motion for preliminary injunction on November 29. (Docket 13) At the same time, CardioNet filed a motion asking that the Court order LifeWatch to submit to unilateral discovery. (Docket 11) CardioNet sought the right to take discovery of LifeWatch (to support its claims and its motion for preliminary injunction) without allowing LifeWatch to take any discovery of CardioNet in return (to respond to CardioNet's claims and support LifeWatch's defenses). (*Id.*) At the November 30 hearing on CardioNet's motions, the Court granted expedited discovery but denied CardioNet's request for *unilateral* discovery. The Court entered an order requiring *both* parties to submit to expedited discovery. (Docket 20)

**CardioNet Has Failed To Provide Discovery**

Despite losing its motion for unilateral discovery, CardioNet has proceeded as if it had no real obligation to provide LifeWatch with discovery on its claims:

*First*, CardioNet has refused to provide discovery about the trade secrets it claims have been misappropriated. CardioNet asserts that LifeWatch employees gained access to "confidential, proprietary and trade secret information" through an inspection of a CardioNet device called the MCOT kit. (Docket 33, Second Amended Complaint, ¶¶ 18, 46, 55, 60, 69, 77) CardioNet seeks a broad preliminary injunction against LifeWatch using any information it obtained from its inspection of the MCOT kit. (Docket 13, Motion for Preliminary Injunction, p. 11 (proposed order at ¶1)) CardioNet nevertheless instructed its 30(b)(6) witness not to answer deposition questions about the trade secrets that allegedly could be discovered through an inspection of the monitor portion of the MCOT kit. (*See* Ex. A, Dube deposition excerpts)[1] CardioNet had no legitimate basis for instructing its witness not to answer these questions, as the instructions were not made based on any Court-ordered limitation on discovery, to preserve a privilege, or to present a motion for protective order to the Court.[2]  *See* Fed. R. Civ. Proc. 30(d)(1); *Redwood v.*

---

[1] CardioNet has taken the position that the testimony of its 30(b)(6) witness is highly sensitive and must be treated as "attorneys eyes only." Rather than dispute this issue, LifeWatch has provided the Court only with the questions asked by LifeWatch, the statements by the witnesses concerning the subject matter he was prepared to address, the instructions provided by CardioNet's counsel, and the colloquy concerning the impropriety of instructing a witness not to answer.

[2] As the excerpts from the Dube deposition reveal, CardioNet originally took the position that it *would* provide discovery about the alleged trade secrets in its monitor. In response to LifeWatch's 30(b)(6) deposition notice, CardioNet stated that it "will designate one or more witnesses to provide testimony on this subject as it relates to confidential, proprietary, and/or trade secret information that can be obtained through a visual inspection of the CardioNet MCOT monitor…" (Ex. A at 22-23, 52) CardioNet changed its position for the first time *at* the Dube deposition and instructed Mr. Dube not to answer questions about the monitor. (*Id.* at 22-23, 34-36, 52) CardioNet did so despite refusing to agree that it is asserting no claims based on the monitor. (*Id.* at 22-24, 34) CardioNet plainly did not assert its instructions in order to file for a protective order as CardioNet made no mention of filing for a protective order until LifeWatch's counsel cited Rule 30(d)(1) and case law on the subject. (*Id.* at 36 ("I do not intend to file a motion for

3

*Welch*, 476 F.3d 462, 468 (7th Cir. 2007) (explaining limited grounds on which an instruction not to answer is appropriate); *Circle Group Internet, Inc. v. Atlas, Pearlman, Trop & Borkson, P.A.*, 2004 U.S. Dist. LEXIS 2609 at *5-6 (N.D. Ill. Feb. 19, 2004) (finding instruction not to answer inappropriate and awarding fees to party forced to file a motion to enforce subpoena and compel deposition testimony); *see also Janopoulos v. Harvey L. Warner & Assoc., Ltd*, 1994 U.S. Dist. LEXIS 1758 at *3-4 (N.D. Ill. Feb. 14, 1994).

*Second*, CardioNet has refused to provide discovery about its own efforts to obtain information about the competing device offered by LifeWatch.  CardioNet claims that LifeWatch acted unlawfully in obtaining and examining a CardioNet device, but at the same time CardioNet conducted its own inspection and testing of a LifeWatch device.  CardioNet secretly obtained a LifeWatch device, took it apart, tampered with it, and conducted extensive inspection and testing. (Docket 34, Counterclaim, ¶¶ 2, 16-27)  This conduct is clearly relevant in determining whether the alleged behavior by LifeWatch – which was *less* invasive – is somehow wrongful.  It is also relevant because CardioNet is seeking equitable relief and must come to the Court with clean hands.  Yet CardioNet insists on pressing ahead to an immediate hearing on its motion without providing a complete disclosure of its own conduct. (*See* Ex. B (Dec. 21 ltr re: deficiencies in CardioNet discovery); Ex. C (Dec. 28 ltr in response); Ex. D (Jan. 1 letter re: continued refusal by CardioNet to provide discovery)).

CardioNet clearly sought, through its motion for unilateral discovery, to keep its own conduct a secret until after it had been heard on its motion for a preliminary

---

protective order at this time."), 49-59)  CardioNet has not filed any motion for protective order despite the fact that three weeks have passed since the Dube deposition was adjourned.

4

injunction. CardioNet's plan did not work, as the Court refused to grant CardioNet's motion for unilateral discovery. But CardioNet has not completely abandoned its strategy. Despite the Court order requiring mutual discovery, CardioNet provided only minimal and inadequate document discovery concerning its inspection of the LifeWatch device. (Ex. B; Ex. D) CardioNet then produced a 30(b)(6) witness who was not prepared to talk about how CardioNet obtained the LifeWatch device or the full scope of the testing that CardioNet performed on it. (*Id.*) CardioNet has since delayed responding to LifeWatch's requests for relevant documents and witnesses who are adequately prepared, effectively refusing to provide that discovery before proceeding with supplemental briefing and a hearing on its motion.

### CardioNet Intends to File an Amended Motion

In addition to denying meaningful discovery, CardioNet has announced its intention to file an "amended" preliminary injunction motion, potentially asserting additional grounds for relief. (Ex. E (Jan. 4 email re: proposed "joint submission" and Jan. 7 response)) CardioNet has not given LifeWatch notice of the changes that it intends to make or the grounds on which it ultimately plans to seek a preliminary injunction. (*Id.*) LifeWatch has filed a motion to dismiss the claims on which CardioNet originally relied in its motion for injunctive relief, and should not be required to answer new arguments without adequate notice of the claims or discovery concerning them.

CardioNet insists on pressing ahead with a hearing on its motion for preliminary injunction – whatever that motion might ultimately assert – without providing LifeWatch with the expedited discovery the Court ordered *both* parties to provide. Requiring LifeWatch to brief its response to the motion and scheduling a hearing under these

circumstances would allow CardioNet effectively to achieve the relief that it unsuccessfully sought in its motion for unilateral discovery.  It would allow CardioNet to obtain expedited discovery from LifeWatch, and an expedited hearing on its motion, without reciprocating with discovery of its own.

### No Emergency Justifies Holding a Hearing Before Discovery

CardioNet has not identified any pressing reason for proceeding with an expedited hearing before providing discovery concerning its claims.  Indeed, there is no emergency or other reason to precipitously schedule a hearing on CardioNet's motion.  LifeWatch returned the two CardioNet devices that were in the possession of LifeWatch employees before the Complaint was ever filed and has now identified and produced the documentation that was generated by LifeWatch as a result of its inspection.  CardioNet has taken discovery from LifeWatch and knows, from the documents and testimony of LifeWatch witnesses, that the motivation behind LifeWatch's inspection of the CardioNet device was entirely legitimate, that the LifeWatch inspection was narrow, and that LifeWatch did not discover any of the information that CardioNet now claims to be a trade secret.  CardioNet further knows, from discovery, that LifeWatch has not used and is not currently using any of the information that CardioNet claims to be a trade secret for purposes of product development.  And CardioNet itself has foresworn reliance on any claim – at least in the *current* version of its preliminary injunction motion – that LifeWatch misappropriated CardioNet trade secrets.

**Conclusion**

For these reasons, LifeWatch respectfully requests that the Court defer scheduling a hearing on CardioNet's motion for preliminary injunction until CardioNet actually files the motion on which it plans to seek relief and further provides the discovery to which LifeWatch is entitled.

Dated: January 8, 2008

By: /s/ Sean Gallagher

BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
Sean Gallagher (6239367)
54 W. Hubbard, Suite 300
Chicago, IL 60610
(312) 494-4428
sean.gallagher@bartlit-beck.com

PROSKAUER ROSE LLP
Kevin J. Perra (admitted *pro havice*)
Alexander Kaplan(admitted *pro vice*)
1585 Broadway
New York, New York 10036
(212) 969-3000
kperra@proskauer.com

*Attorneys for all Defendants and Counterclaim Plaintiff*

CERTIFICATE OF SERVICE

      I, Sean W. Gallagher, do hereby certify that on this 8th day of January 2008, I caused a true and correct copy of the foregoing **DEFENDANTS' STATUS REPORT AND SUBMISSION REGARDING CONDUCT OF HEARING ON CARDIONET'S MOTION FOR PRELIMINARY INJUNCTION** to be served via electronic mail on CardioNet through its counsel listed below:

    Thomas Duston
    MARSHALL, GERSTEIN & BORUN LLP
    233 South Wacker Drive, 6300 Sears Tower
    Chicago, IL 60606-6357
    Telephone: 312-474-6300

    Michael Kelleher
    FOLGER LEVIN & KAHN, LLP
    275 Battery Street, 23rd Floor
    San Francisco, CA 94111
    Telephone: 415-986-2800

                        By: /s/ Sean W. Gallagher