UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARDIONET, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>LIFEWATCH CORP.<br><br>    Defendant and Counterclaim Plaintiff,<br><br>and<br><br>HANNA KONARZEWSKA, M.D., JOEL LEHMAN and LISA AMENT.<br><br>    Defendants. | Case No. 07C 6625<br><br>District Judge Suzanne B. Conlon<br><br>Magistrate Judge Morton Denlow |

**STIPULATED PROTECTIVE ORDER**

Plaintiff, CardioNet, Inc., and defendants LifeWatch Corp., Hanna Konarzewka, M.D., Doe 1 and Doe 2 (as identified in the above-captioned Complaint), collectively referred to as the Parties, hereby stipulate and agree, through their attorneys, to the entry of this Stipulated Protective Order ("Order"), which shall govern the use, dissemination and disclosure of certain information and documents and materials described below, including any information contained in such documents and materials, which are obtained by the Parties during the course of this action.  The Parties agree as follows:

   A.   **Scope of Order**

   This Order shall apply to all discovery in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to

1

interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission (hereafter "Information and Materials"). Except as specifically addressed below, this order is not intended to limit a party's use of its own information, documents or materials, or information, documents and materials that were in its possession prior to their production in discovery in this case.

    B.    **Definitions**

        1.    As used in this Order, "Confidential" Information and Materials shall include all Information and Materials that have not been made public, the disclosure of which the disclosing Party contends in good faith could cause harm to its business operations or the business operations of a Party in privity with the disclosing Party, or provide improper advantage to others.

        2.    As used in this Order, "Confidential—Attorneys' Eyes Only" Information and Materials shall include all Information and Materials that the disclosing Party has reasonable grounds to believe would, if known to any officer, director, employee, or agent of a receiving Party, or to the public, lead to a harm or injury to the reputation and/or business of the disclosing Party or a Party in privity with the disclosing Party, or provide improper advantage to others. "Confidential—Attorneys' Eyes Only" Information and Materials may include trade secrets within the meaning of the Uniform Trade Secrets Act and information that concerns or relates to (1) sales, marketing, manufacturing, or research and development, (2) financial performance, (3) manufacturing or other costs of doing business, (4) licenses or other confidential agreements, (5) technical details of products or methods of doing business, (6) manufacturers and/or suppliers, and/or corporate information, such as relating to mergers, acquisitions, and/or asset purchases. "Confidential—Attorneys' Eyes Only" Information and Materials is a subcategory of

"Confidential" Information and Materials as defined above in Paragraph B.1. and shall not include any information and/or materials that has been made public, provided such public disclosure was authorized by the Party claiming ownership of the Information or Material, and not unlawful, inadvertent, or the fault of the receiving Party.

    C.    **Marking Requirements**

        1.    All Information and Materials deemed "Confidential" or "Confidential—Attorneys' Eyes Only" shall be so identified on each page and labeled by the producing Party.

        2.    For Information and Materials deemed "Confidential" or "Confidential—Attorneys' Eyes Only" that are produced in some form other than documentary, and for any other tangible items, the producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Confidential—Attorneys' Eyes Only." If only portions of the information or item warrant protection, the producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or "Confidential—Attorneys' Eyes Only."

        3.    If qualified Information and Materials cannot be labeled, they shall be designated as "Confidential" or "Confidential—Attorneys' Eyes Only" in a manner to be agreed upon by the Parties.

        4.    In lieu of marking the original of a document or thing, if the original is not produced, the designating Party may mark the copies that are produced or exchanged, but the other Party, by its counsel, shall have the right to examine the original, to be provided with a full and complete copy thereof, and to call for production of the original at the trial in this action. However, nothing in this Order requires the production of privileged or work product

Information and Materials, or any Information and Materials that are otherwise not subject to discovery.

      5.      The identification and labeling specified in Paragraphs C.1, C.2, C.3 and C.4 of this Order shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, or when a copy of the document or thing is provided to a Party. In the case of hearing and deposition transcript pages, the designating Party may invoke on the record (before the deposition or proceeding is concluded) the right to have up to fifteen (15) days from the date of receipt of a hard copy of the final transcript from the court reporter to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential" or "Confidential—Attorneys' Eyes Only"). During such fifteen (15) day period, the entire transcript shall be deemed to be "Confidential—Attorneys' Eyes Only."

      6.      In the event that a disclosing Party discovers a failure to mark qualified Information or Materials as "Confidential" or "Confidential—Attorneys' Eyes Only," the other Party shall be notified immediately and the following corrective action shall be taken:

      a.      The receiving Party shall notify all persons who have received the Information and materials that the Information and Materials are designated "Confidential" or "Confidential—Attorneys' Eyes Only" and must be treated as designated in this Order;

      b.      The receiving Party shall take all reasonable steps to place the applicable "Confidential" or "Confidential—Attorneys' Eyes Only" label on the designated Information and/or Materials; and

      c.      The receiving Party shall treat the newly marked Information and Materials as set out in Paragraphs F and G of this Order.

7.  In the event that any Party inadvertently produces privileged or work product documents, including under a designation of "Confidential" or "Confidential—Attorneys' Eyes Only," such documents will be returned immediately upon notice and request by the producing Party, and such production will not be deemed a waiver of the privilege, or an admission that production of the documents is not protected by a judicially recognized privilege or the work product doctrine.

D.  **Designating Information and Documents**

1.  In designating Information and Materials as "Confidential" or "Confidential—Attorneys' Eyes Only," counsel will make such designation only as to that information that he or she in good faith believes to be "Confidential" or "Confidential—Attorneys' Eyes Only" as defined in Paragraph B of this Order.

2.  If counsel for a Party believes that questions put to a witness being examined during a deposition will disclose "Confidential" or "Confidential—Attorneys' Eyes Only" Information and/or Materials of his or her client, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such information, counsel shall so notify opposing counsel and the deposition of such witness, or portions thereof, shall be taken only in the presence of appropriate persons as defined in Paragraph F hereof, counsel for the witness, if any, the stenographic reporter, the videographer, if any, and the officers or employees of the Party whose "Confidential" or "Confidential—Attorneys' Eyes Only" information is being disclosed.

E.  **Redaction**

Redacted versions of "Confidential" or "Confidential—Attorneys' Eyes Only" materials that no longer contain "Confidential" or "Confidential—Attorneys' Eyes Only" information may

be used for any proper purpose.

F. **Access to "Confidential" or "Confidential—Attorneys' Eyes Only" Information and Materials**

1. It is the general intent of the Parties to limit disclosure of Information and Materials to the smallest number of persons, consistent with the needs of litigation.

2. All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as "Confidential" under this Order is governed by this Order and is limited to the following persons:

a. The law firms retained by any of the Parties for the purposes of the above-captioned litigation, including attorneys, law clerks, stenographic, clerical, and paralegal employees of these firms or temporary employees or assistants (including paralegals and attorneys) and outside vendors that provide litigation support services such as photocopying, videotaping, translating, preparing exhibits or demonstratives, or organizing, storing, and/or retrieving data in any form or medium, whose functions require access to such "Confidential" Information and Materials; and,

b. Persons who are parties or officers, directors or employees of parties in this action who have a need to know the Confidential information solely for purposes of this litigation. Disclosures to such individuals will be allowed only after the conditions set forth in Paragraph F.3 of this Order are satisfied.

c. Independent experts, consultants, or translators for each Party and their personnel, who are not employees of the Parties or their parents, subsidiaries, divisions, branches, affiliates, or competitors, and who, at the time of retention, are not anticipated to become an employee of a Party of Party's competitor, and whose advice and consultation will be

6

used by such Party in connection with preparation for trial of this case. However, disclosures to such persons will be allowed only after the conditions set forth in Paragraph F.5 of this Order are satisfied.

3. Prior to any disclosure of "Confidential" Information and Materials to the person named in Paragraph F.2.(b) of this Order, counsel desiring to disclose "Confidential" Information and Materials of the opposing party to the designated person shall obtain from each such person a copy of a signed undertaking as set forth in Exhibit A, including any information requested by Exhibit A.

4. All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as "Confidential—Attorneys' Eyes Only" under this Order is governed by this Order and is limited to counsel and their staff, as identified above in Paragraph F.2.(a), and experts and their staff, as identified above in Paragraph F.2.(c).

5. Prior to any disclosure of "Confidential" or "Confidential—Attorneys' Eyes Only" Information and Materials to those persons named in Paragraph F.2.(c) of this Order, disclosing counsel shall obtain from each such person a copy of a signed undertaking as set forth in Exhibit B, including any information requested by Exhibit B, and serve it on counsel for all Parties. If counsel for any Party objects to disclosure of "Confidential" or "Confidential—Attorneys' Eyes Only" Information and Materials to any such person, objecting counsel may file an appropriate motion with the Court within five (5) business days of receipt of this information. Disclosing counsel shall not disclose any "Confidential" or "Confidential—Attorneys' Eyes Only" Information and Materials to such persons prior to expiration of this five day period or, in the event a motion is filed, until after a ruling by the Court.

6.	Except as provided in Paragraphs F.2.(b) of this Order, "Confidential" Information and Materials shall not be disclosed to an employee of any Party until there is an order of the Court to the contrary or until there is an express agreement between the Parties that such disclosure may be made, and then only after disclosing counsel has also obtained from each such person a copy of a signed undertaking as set forth in Exhibit A, including any information requested by Exhibit A.

7.	Nothing in this Protective Order affects the right of the Party that produced "Confidential" or "Confidential – Attorneys' Eyes Only" Information and Materials to use or disclose such information in any way.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties, non-parties or their attorneys to use or disclose such information in violation of the Protective Order, except that if the producing party uses such materials in a manner inconsistent with their confidential status, then that shall serve as a basis to object to the designation and said objections shall be resolved as set forth in Paragraph 8 below.

8.	Any Party or interested member of the public may object to the designation of particular information as Confidential Information by giving written notice to the producing party and to all other parties in this action.  Such action shall identify with specificity the information to which the objection is directed and the basis of the objection.  The Parties will attempt to resolve any disagreements about the designation of Information and/or Materials as "Confidential" or "Confidential—Attorneys' Eyes Only" on an informal basis before presenting the dispute to the Court by motion or otherwise.  If unable to resolve any such disagreements, the objecting Party shall file an appropriate motion with the Court.  Information and Materials designated as "Confidential" or "Confidential—Attorneys' Eyes Only" shall remain under the

protection of this Stipulated Protective Order until there is an order of the Court to the contrary or until there is an express written agreement between the Parties. No Party shall be obliged to challenge the propriety of a "Confidential" or "Confidential—Attorneys' Eyes Only" designation at the time of production, or at any time, and failure to do so shall not be considered an agreement that the materials are properly designated nor shall it preclude a subsequent attack on the propriety of such designation.

G. **Handling "Confidential" or "Confidential—Attorneys' Eyes Only" Information and Materials Or Materials As To Which There Is A Claim Of Trade Secret Protection**

1. Copies of "Confidential" or "Confidential—Attorneys' Eyes Only" Information and Materials shall not be disclosed or shared by the Party to whom they are disclosed except as set forth herein, unless (a) they become a part of the public record in this action (i) by agreement of the Parties or (ii) by order or action of the Court, or unless (b) they have otherwise been made public through lawful means and through no fault of the receiving Party.

2. The parties acknowledge that each has asserted that the other gained access to confidential, proprietary and trade secret information of the other and that each has such information of the other in its possession. This material as to which there is a claim of misappropriation includes information LifeWatch derived from the inspection of the MCOT kits (e.g. photographs) and information CardioNet derived from the inspection of the LifeStar ACT kit (e.g. photographs). The parties do not agree with the merits of the claim asserted by the other and the parties' agreement to this Agreed Protective Order is not intended to be nor should it be interpreted to be agreement that the claims or defenses asserted by the other have merit.

However, without agreeing to the merits of the position that the other has taken with respect to these disputed materials, the parties agree that they will treat them for the purposes of discovery and motion practice in this case as if they were "Attorneys' Eyes Only" Information. For the sake of clarity, each party may (but is not required to) ask that the other mark any copies of such materials that are produced in the litigation as "Attorneys' Eyes Only" as notice that they should be treated in that fashion under this provision.

3. The parties are ordered to retain copies of all "Confidential" or "Confidential—Attorneys' Eyes Only" Information and Materials which are provided in discovery under this Protective Order. Documents containing such information shall **NOT** be filed with the Clerk of Court. Any such documents requiring the Court's review shall be submitted to chambers *in camera* in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. Attorneys for he submitting party shall maintain the original documents intact for any further review. A redacted copy of the pleading shall be filed with the Clerk of Court for the record.

4. Within sixty (60) days after the final judgment and the exhaustion of any appeals in this action or the settlement of this action and upon written request of the disclosing Party, all "Confidential" or "Confidential – Attorneys' Eyes Only" Information and Materials in the possession, custody or control of the receiving Party, including experts and their staff as identified above in Paragraph F.2.(c) retained or otherwise engaged by the receiving Party, except those in possession of the Court, shall be returned or destroyed, except outside counsel may maintain one copy of all "Confidential" or "Confidential – Attorneys' Eyes Only" Information and Materials for its files. Outside counsel shall certify to counsel for the producing

Party the return or destruction of all additional copies of "Confidential" or "Confidential – Attorneys' Eyes Only" Information and Materials so designated in their possession, custody, or control, promptly upon the completion of such return and/or destruction.

       5.      In the event that any Information or Material designated as "Confidential" or "Confidential— Attorneys' Eyes Only" is inadvertently disclosed or produced to an individual not permitted under this Order to receive or view such Information and Materials, the disclosing Party must be informed immediately and such Information and Materials must immediately be returned to the disclosing Party.  The Parties expressly agree that no waiver of the "Confidential" or "Confidential— Attorneys' Eyes Only" status of the Information and Materials will have occurred.

       H.      **Protected Material Subpoenaed or Ordered Produced in other Litigation**.

       1.      If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Confidential—Attorneys' Eyes Only," the receiving Party must so notify the producing Party, in writing (by email or fax if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.

       2.      The receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

   3. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential information and material, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

  I. **Miscellaneous**

   1. This Order shall not prevent a Party from applying to the Court for relief from this Order or any part thereof, or for relief from its application in any particular circumstance, or from applying to the Court for further or additional protective agreements or orders.

   2. This Order shall survive the final termination of this or related proceedings to the extent that the "Confidential" or "Confidential—Attorneys' Eyes Only" Information and Materials have not or do not become known to the public.

   3. No copy of any transcript of any deposition taken by any Party that is designated in part or in whole as "Confidential" or "Confidential—Attorneys' Eyes Only" shall be furnished by the reporter to any person other than to outside counsel for the Parties. Neither the original nor any copy of any transcript of any deposition taken in this proceeding shall be filed with the Court or used during the trial in this action until the Parties' outside counsel have designated those portions, if any, of the transcript that are to be regarded as "Confidential" or "Confidential—Attorneys' Eyes Only" or upon the expiration of the fifteen-day (15 day) period for such designation as specified in Paragraph C.5 of this Order. Upon such a designation, the

designated portions of the transcript filed with the Court or used during the trial shall be filed under seal in accordance with Paragraph G of this Order, unless otherwise agreed by the Parties or ordered by the Court. If the receiving Party files with the Court, or uses at trial or a hearing, any portion of a deposition transcript within the fifteen-day (15 day) period for such designation as specified in Paragraph C.4 of this Order, the receiving Party shall file such deposition transcript under seal as "Confidential—Attorneys' Eyes Only" as provided in Paragraph G.2, unless and until the producing Party fails to designate that portion of the transcript filed or used as being either "Confidential" or "Confidential—Attorneys' Eyes Only" within such fifteen-day (15 day), or such fifteen-day (15 day) period expires without the portion of such deposition so filed or used having been designated as either "Confidential" or "Confidential—Attorneys' Eyes Only."

      4.      Each person having access to "Confidential" or "Confidential—Attorneys' Eyes Only" Information and Materials under this Order shall take all reasonable steps to comply with this Order.

      5.      Any person bound by this Order may rely on a waiver or consent that is made by an attorney for a Party as if that waiver or consent was made by that Party or person, provided that such waiver or consent shall be either in writing or on record in a hearing, trial, or deposition transcript.

      6.      In the event any non-Party is called upon to produce Information and Materials that it reasonably believes constitute or disclose trade secrets, commercial information or other information that it is entitled to maintain in confidence, such non-Party may elect to produce its Information and Materials subject to the terms of this Order by serving a notice of its

election on counsel for each Party. After service of notice of election, this Order shall be binding on and inure to the benefit of such non-Party.

7. Nothing in this order shall be construed to affect the admissibility of any document, material or information at any trial or hearing. "Confidential" and "Confidential – Attorneys' Eyes Only" Information and Materials shall maintain such protections and designations in connection with any trial in this matter. Before the trial begins, counsel for the Parties will meet and confer in good faith as part of the pre-trial conference statement process to put into a place a procedure for identification of and use of "Confidential" and "Confidential – Attorneys' Eyes Only" Information and Materials at trial.

8. The provisions of this Order may be modified at any time by stipulation of the Parties approved by order of the Court. In addition, a Party may at any time apply to the Court for modification of this Protective Order pursuant to a motion brought in accordance with the rules of the Court. Nothing in this Stipulation and Order shall constitute: (i) an agreement by any Party to produce any documents or other materials in discovery not otherwise agreed upon or required by court order or the Federal Rules of Civil Procedure; (ii) a waiver by any person or Party of any right to object or to seek a further protective order with respect to any discovery in this or any other action; or (iii) a waiver of any claim of privilege with respect to any testimony, document, or information.

SO ORDERED:

Date: _____    _____
 The Honorable Suzanne B. Conlon

The Parties, through their undersigned counsel, agree to the terms of this Stipulated Protective Order as of this the 10th day of January 2008.

Respectfully submitted,

| CARDIONET, INC. | LIFEWATCH CORP., HANNA KONARZEWKA, M.D., DOE 1 and DOE 2 |
|---|---|
| By: /s/ Julianne M. Hartzell<br>  Thomas L. Duston<br>  Gregory J. Chinlund<br>  Julianne M. Hartzell<br>  MARSHALL, GERSTEIN & BORUN LLP<br>  233 South Wacker Drive, 6300 Sears Tower<br>  Chicago, Illinois 60606-6357<br>  Telephone: (312) 474-6300<br>  Facsimile: (312) 474-0448<br><br>  FOLGER LEVIN & KAHN LLP<br>  Michael F. Kelleher (admitted pro hac vice)<br>  Julie L. Fieber (admitted pro hac vice)<br>  Amy L. Kashiwabara (admitted pro hac vice)<br>  275 Battery Street, 23rd Floor<br>  San Francisco, CA  94111<br>  Telephone: (415) 986-2800<br>  Facsimile: (415) 986-2827<br><br>  Attorneys for Plaintiff CARDIONET, INC. | By: /s/ Sean Gallagher<br>  Sean Gallagher<br>  Bartlit Beck Herman Palenchar & Scott LLP<br>  Courthouse Place<br>  54 West Hubbard Street<br>  Chicago, Illinois 60610<br><br>  Kevin J. Perra (admitted pro hac vice)<br>  Alexander Kaplan (admitted pro hac vice)<br>  PROSKAUER ROSE LLP<br>  1585 Broadway Street<br>  New York, NY 10036-8299<br><br>  Attorneys for Defendants |

EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CARDIONET, INC., | Case No. 07C 6625 |
| Plaintiff, | District Judge Conlon |
| v. | Magistrate Judge Denlow |
| LIFEWATCH CORP., HANNA KONARZEWKA, M.D., DOE 1 and DOE 2. | |
| Defendants. | |

UNDERTAKING OF

STATE OF

COUNTY OF

      I, _____, being duly sworn, state that:

      1.      My address is:

      2.      My employer is:

      3.      My present occupation or job description is:

      4.      My prior employers for the past three years are (attach sheet if necessary):

      5.      I have received a copy, carefully read, and understand the provisions of the Stipulated Protective Order in this case.

6. I will comply with all of the provisions of the Stipulated Protective Order and understand that a violation of the Stipulated Protective Order or this Undertaking could result in sanctions against me.

7. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "Confidential" Information or Materials disclosed to me.

8. I will return all Information and Materials containing or disclosing "Confidential" Information and Materials which come into my possession, and Information and Materials that I have prepared relating thereto, to counsel for the Party that provided me with the "Confidential" Information and Materials as provided in Paragraph G.3 of the Stipulated Protective Order.

9. I hereby submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of enforcement of the Stipulated Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____        By: _____

EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CARDIONET, INC., | Case No. 07C 6625 |
| Plaintiff, | District Judge Conlon |
| v. | Magistrate Judge Denlow |
| LIFEWATCH CORP., HANNA KONARZEWKA, M.D., DOE 1 and DOE 2. | |
| Defendants. | |

UNDERTAKING OF

STATE OF

COUNTY OF

      I, _____, being duly sworn, state that:

        1.    My address is:

        2.    My employer is:

        3.    My present occupation or job description is:

        4.    My prior employers or consulting work performed for the past three years are as follows (attach sheet if necessary):

        5.    I have never been employed and am not currently employed by any of the Parties in this case, or by any parents, subsidiaries, divisions, branches, affiliates, or competitors of any of the Parties in any capacity, and I do not anticipate becoming an employee of a Party or a Party's competitor.

6. I have received a copy of, carefully read, and understand the provisions of the Stipulated Protect Order in this case.

7. I will comply with all of the provisions of the Stipulated Protective Order and understand that a violation of the Stipulated Protect Order or this Undertaking could result in sanctions against me.

8. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "Confidential" or "Confidential—Attorneys' Eyes Only" Information or Materials disclosed to me.

9. I will return all Information and Materials containing or disclosing "Confidential" or "Confidential—Attorneys' Eyes Only" Information and Materials which come into my possession, and Information and Materials that I have prepared relating thereto, to counsel for the Party that provided me with the "Confidential" or "Confidential—Attorneys' Eyes Only" Information and Materials as provided in Paragraph G.3 of the Stipulated Protective Order.

10. I hereby submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of enforcement of the Stipulated Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        By: _____