UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARDIONET, INC., | |
|       Plaintiff, | Case No. 07C 6625 |
| v. | District Judge Conlon |
| LIFEWATCH CORP., HANNA KONARZEWSKA, M.D., JOEL LEHMAN and LISA AMENT, | Magistrate Judge Denlow |
|       Defendants. | |
| LIFEWATCH CORP., | |
|       Counter-plaintiff, | |
| v. | |
| CARDIONET, INC., | |
|       Counter-defendant. | |

**CARDIONET'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNTS II, III, IV, V, AND VI OF LIFEWATCH'S COUNTERCLAIMS**

**I.    INTRODUCTION**

This case arises out of LifeWatch's unauthorized examination and attempted theft of two CardioNet heart monitoring kits ("MCOT kits") that incorporate millions of dollars of engineering and investigative research that CardioNet has invested in the development and improvement of its monitoring system. To protect the trade secrets, and other confidential and proprietary information embodied in these kits, CardioNet filed suit against LifeWatch for trade secret misappropriation, other common law claims, and for breach of contract, and at the same time moved for a preliminary injunction to enjoin LifeWatch from using information gained from its unlawful examination of the CardioNet kits.

To discourage CardioNet from pursuing legal protection for its rights, LifeWatch filed Counterclaims against CardioNet. The first count of LifeWatch's Counterclaims alleges trade secret misappropriation, based on LifeWatch's equivocal assertion that if the trier of fact finds that LifeWatch misappropriated CardioNet's trade secrets, then CardioNet also misappropriated LifeWatch's trade secrets. Counterclaim ¶ 37. This count is not being challenged in this motion, because LifeWatch deposition testimony and other matter outside the pleadings is needed to establish, *inter alia*, that there were no trade secrets in the LifeWatch device CardioNet examined, and thus no liability for trade secret misappropriation.

However, Counts II through VI of LifeWatch's Counterclaims, for violation of the Lanham Act, Illinois consumer fraud statutes, interference with prospective business advantage and common law unfair competition, are facially deficient and warrant dismissal. All are based on vague allegations that CardioNet made misrepresentations or omissions concerning the LifeWatch device. Dismissal is proper for at least the following <u>four</u> reasons:

<u>First</u>, LifeWatch failed to plead required elements of its Lanham Act and intentional interference claims.

Second, these claims are species of fraud and therefore should have been plead with particularity, which LifeWatch failed to do.

Third, most of the alleged misrepresentations, such as statements that the CardioNet device is "superior," more "reliable" or "safer," are non-actionable.

Fourth, the remaining alleged misrepresentations concern Food and Drug Administration ("FDA") requirements for the parties' medical devices, and necessarily require analyzing, interpreting, and second-guessing the FDA, its regulations and classification systems. This is a highly regulated area of medicine that is not subject to consumer fraud statutes.

For these reasons, as detailed below, counts II, III, IV, V, and VI of LifeWatch's Counterclaims should be dismissed for failure to state a claim.

## II.    THE ALLEGED MISREPRESENTATIONS

To support counts II through VI of its Counterclaims, LifeWatch alleges that CardioNet advertised to and told physicians and insurers the following misrepresentations or omissions:

- "that it [CardioNet] was the only FDA approved and Medicare reimbursed arrhythmia detection and alarm system." Counterclaim ¶ 29.

- that "the LifeStar ACT device did not and could not meet FDA's requirements for approval of an arrhythmia detection and alarm system." *Id.* ¶ 30.

- that its [CardioNet's] device is superior to and/or safer that [sic] then [sic] the LifeStar Act device." *Id.* ¶ 31.

Although not stated in LifeWatch's pleading, CardioNet believes the first statement is referring to a banner displayed over a CardioNet booth during a March 2007 trade conference, which read, "The ONLY FDA Cleared and Medicare Reimbursed Wireless ECG Arrhythmia Detection and Alarm System. PERIOD." (Affidavit of Julie L. Fieber in Support of Plaintiff CardioNet's Motion to Dismiss Counterclaims ("Fieber Aff.") ¶ 2, Ex. A.) LifeWatch's FRCP 30(b)(6) witness admits that statement was literally true, because in March 2007 LifeWatch did

not have FDA approval as an "arrhythmia detection and alarm system." (Fieber Aff. Ex. B.)[1]

### III.    ARGUMENT

To successfully oppose a motion to dismiss, a plaintiff is required to provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

#### A.    LifeWatch Fails To Adequately Plead a Claim for Relief Under the Lanham Act.

LifeWatch's second count alleges violation of section 43(a) of the Lanham Act. This requires LifeWatch to plead that CardioNet's advertisements were "(1) false and misleading, (2) actually or likely to deceive a substantial segment of their audience, (3) material in their effects on purchasing decisions, (4) touting goods that entered interstate commerce, and (5) actually or likely to injure the plaintiff." *Truck Components, Inc. v. K-H Corp.*, 776 F. Supp. 405, 408 (N.D. Ill., 1991). LifeWatch's pleading omits the second, third, and fourth required elements. Specifically, it has not pled that CardioNet's advertising was "actually or likely to deceive a substantial segment of their audience,"[2] "material in their effects on purchasing decisions," or

---

[1] According to another LifeWatch FRCP 30(b)(6) witnesses, the LifeWatch device <u>briefly</u> had FDA approval in spring or summer of 2007, but that approval was rescinded and not in effect in March 2007 when the banner was displayed. (Fieber Aff. Ex. C.) On December 17, 2007, LifeWatch obtained FDA approval for its device as an arrhythmia detection and alarm system. *See* Request for Judicial Notice, filed herewith. Notably, LifeWatch would itself be liable under the Lanham Act were it holding its device out as having FDA approval under this classification when, in fact, it did not. *See, e.g., Alpharma, Inc. v. Pennfield Oil Co.*, 411 F.3d 934, 940-41 (8th Cir. 2005) (holding claim that antibiotic manufacturer falsely advertised its product as FDA approved was cognizable under the Lanham Act).

[2] Moreover, because the alleged misrepresentations are literally true (because LifeWatch did not have FDA approval as an arrhythmia detection and alarm system during the relevant time period), LifeWatch cannot rely on any presumption that customers were deceived or likely to be deceived. *Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 76 F. Supp. 2d 868, 874 (N.D. Ill. 1999).

"touting goods that entered interstate commerce" (although CardioNet does not dispute that its devices are marketed in other states). Having failed to plead facts going to these elements, LifeWatch's Lanham Act claim should be dismissed.

Another basis for dismissal arises from LifeWatch's failure to plead its Lanham Act claim with sufficient particularity to satisfy Fed. R. Civ. Proc. 9(b). *See, e.g., Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 709 (N.D. Ill. 2006) (claims that allege false representation or false advertising under the Lanham Act are subject to the heightened pleading requirements of FRCP 9(b) so that they provide adequate notice, and so that the court may address the sufficiency of the claims); *Volunteer Firemen's Ins. Services, Inc. v. McNeil and Co., Inc.*, 221 F.R.D. 388 (W.D.N.Y.2004) (in claim based on allegedly false or misleading comparisons of competitors' products, dismissing Lanham Act claim that failed to identify the allegedly false or misleading statements, or when, where, or by whom the statements were made). LifeWatch claims that CardioNet made "false and misleading advertising and marketing statements," (Counterclaim ¶ 44), a species of fraud claim. Therefore, LifeWatch is required to satisfy FRCP 9(b) by pleading the who, what, when, and where of these alleged misrepresentations. *Conditioned Ocular Enhancement*, 458 F. Supp. 2d at 709.[3]

LifeWatch's claim should also be dismissed to the extent it seeks to hold CardioNet liable for statements to the effect that its device was "superior," "safer," or more "reliable." Counterclaim ¶¶ 29-31. These statements are non-actionable. *Saltzman v. Pella Corp.*, 2007 WL 844883, *4 (N.D. Ill. 2007) (finding subjective, non-quantifiable statements, such as

---

[3] Because LifeWatch did not plead with particularity, it is not possible to tell whether the statements it complains of occurred in commercial advertising or promotion. If not, that would be another basis for dismissing this claim. *See Conditioned Ocular Enhancement*, 458 F. Supp. 2d at 710 (holding that consumer letters do not constitute false or misleading commercial advertising or promotion).

claiming a product is "durable," "superior," "manufactured to high quality standards," or "maintenance free" non-actionable warranting dismissal of Lanham Act claim); *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 847 (Ill. Sup. 2005) (describing product as "quality" or having "high performance criteria" examples of non-actionable subjective characterizations under Illinois Consumer Fraud Act).

Finally, to the extent LifeWatch claims CardioNet omitted to make a representation it should have made, LifeWatch has failed to plead that CardioNet had a duty to disclose information that would correct any third party's misapprehension of material facts, which is a further basis for dismissal. *Coca-Cola Co. Foods Div. v. Olmarc Packaging Co.*, 620 F. Supp. 966, 973 (N.D. Ill. 1985).

> **B.    LifeWatch's Claims for Violation of Illinois Consumer Fraud Statutes Should be Dismissed for Failure to Plead the Alleged Fraud with Sufficient Particularity.**

LifeWatch's third and fourth counts use identical language to claim violation of the Illinois Deceptive Trade Practices Act ("IDTPA") and Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"), respectively.[4] Both counts are based on the same vague allegations as its Lanham Act claim. Both are subject to dismissal because, as with its Lanham Act claim, LifeWatch failed to plead these statutory violations with sufficient particularity.

For example, in *American Top English, Inc. v. Lexicon Marketing (USA), Inc.*, 2004 WL 1403695, *5 (N.D. Ill. 2004) this Court held that where plaintiff making a claim under the ICFA is alleging fraud, as shown by its explicitly pleading that the defendant made misrepresentations, the plaintiff must meet FRCP 9(b)'s specificity requirements. *See also Saltzman*, 2007 WL

---

[4] Violation of the IDTPA can serve as the predicate for violation of the ICFA. *See* 815 ILCS 505/2.

844883, *2 ("A complaint raising a claim under the ICFA 'must state with particularity and specificity the deceptive manner of defendant's acts or practices, and the failure to make such averments requires the dismissal of the complaint,'" and reasoning that this rule minimizes the extortionate impact of baseless fraud claims); *Muehlbauer v. General Motors Corp.*, 431 F. Supp. 2d 847, 869 (N.D. Ill., 2006) (holding that "[a]n ICFA claim is a species of fraud, and must accordingly be pled with particularity that satisfies Rule 9(b);" that is, a plaintiff must provide the "who, what, when, where, and how" of his ICFA claim).

Here, as in *American Top English*, LifeWatch claims CardioNet "performed deceptive acts, including misrepresentations and concealment or omission of material facts." Counterclaim ¶¶ 48, 55; *see also* ¶¶ 29-31. Thus, these statutory claims are both species of fraud subject to FRCP 9(b)'s requirement for pleading with particularity. Because LifeWatch failed to plead the "who, what, where, when and how" of these alleged misrepresentations, counts III and IV should be dismissed.

Another basis for dismissal exists because the alleged misrepresentations relate to LifeWatch's provision of medical services, not ordinary commercial or business activities covered by the ICFA. To find these statements false or misleading would require this Court to rule on whether LifeWatch's medical device is as safe and reliable as the CardioNet device, or whether it meets the FDA requirements. *See* Counterclaim ¶¶ 29-31. In the analogous situation where plaintiffs sought to bring professional negligence claims under the ICFA, courts have refused to extend the act to those claims, and distinguished between claims based on the practice of medicine (which are not covered by the ICFA) versus the business of medicine (which is covered). *See, e.g., Tkacz v. Weiner*, 858 N.E.2d 514, 517-18 (Ill. App. 2006) (dismissing professional negligence claim brought under the ICFA); *Doe v. Northwestern Univ.*, 682 N.E.2d

145, 149 (Ill. App. 1997) (provision of dental services does not constitute "trade or commerce" within the meaning of the ICFA); *Gadson v. Newman*, 807 F. Supp. 1412, 1422 (C.D. Ill. 1992) (recognizing the ICFA would not apply for "non-business" aspects of the medical profession, which are governed by a host of regulations and professional training requirements and standards).

Finally, as explained above for LifeWatch's Lanham Act claim, LifeWatch's claims should also be dismissed because the alleged statements are non-actionable.

### C. LifeWatch's Claim for Interference With Expectation of Business Relationships Should Be Dismissed.

LifeWatch's claim for interference with prospective business relationships should be dismissed because LifeWatch did not identify any specific relationships that were interfered with. For example, in *Lynch Ford, Inc. v. Ford Motor Co., Inc.*, 957 F. Supp. 142, 146 (N.D. Ill. 1997), the court dismissed an interference claim because the plaintiff failed to specifically identify a third party with which it had a potential business relationship. The court rejected plaintiff's argument that merely pleading interference with unspecified "customers" was sufficient to state such a claim. *Id. See also Schuler v. Abbott Lab.*, 639 N.E. 2d 144, 147 (1993) ("Plaintiff states a cause of action only if he alleges a business expectancy with a specific third party").

Here, as in *Lynch Ford*, LifeWatch failed to plead the identity of any specific party it anticipated having a business relationship with, which was interfered with by CardioNet's allegedly "false, misleading and deceptive advertising." Having failed to do so, this claim must be dismissed.

LifeWatch's interference claim should also be dismissed because LifeWatch has not adequately plead any independently wrongful conduct that would create an exception to the

competition privilege. That privilege allows CardioNet to lawfully compete with LifeWatch. *Soderlund Brothers, Inc. v. Carrier Corp.*, 663 N.E.2d 1, 8 (1995). As explained above, LifeWatch's claims based on alleged misrepresentations and omissions are deficient and warrant dismissal, because the statements were literally true and/or non-actionable. Those same claims are the only independently wrongful acts LifeWatch has plead in support of its interference claim. Therefore, its interference claim must also be dismissed.

### D. LifeWatch's Claim for Common Law Unfair Competition Should Be Dismissed.

LifeWatch's claim for common law unfair competition is based on the same non-actionable advertising and marketing statements as underlie counts II through V of its Counterclaims. As discussed above, each of those counts fails to state a claim for relief. Because LifeWatch failed to identify any separate basis for its unfair competition claim, that claim should also be dismissed.

### IV.   CONCLUSION

For all of the reasons stated above, counts II, III, IV, V and VI of LifeWatch's Counterclaims should be dismissed for failure to state claims for which relief can be granted.

Dated: January 28, 2008                     Respectfully submitted,


                                            CARDIONET, INC.


                                            By:____\s Michael F. Kelleher_____
                                               Michael F. Kelleher (admitted pro hac vice)
                                               Julie L. Fieber (admitted pro hac vice)
                                               Amy L. Kashiwabara (admitted pro hac vice)
                                               FOLGER LEVIN & KAHN LLP
                                               Embarcadero Center West
                                               275 Battery Street, 23rd Floor
                                               San Francisco, CA  94111
                                               Telephone: (415) 986-2800
                                               Facsimile: (415) 986-2827

                                               Thomas L. Duston
                                               Gregory J. Chinlund
                                               Julianne M. Hartzell
                                               MARSHALL, GERSTEIN & BORUN LLP
                                               233 South Wacker Drive, 6300 Sears Tower
                                               Chicago, Illinois 60606-6357
                                               Telephone: (312) 474-6300
                                               Facsimile: (312) 474-0448


                                            Attorneys for Plaintiff and Counter-defendant
                                            CARDIONET, INC.

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing CARDIONET'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNTS II, III, IV, V, AND VI OF LIFEWATCH'S COUNTERCLAIMS was served via the court's CM/ECF system to the email address on file with the Court on January 28, 2008 to:

 Sean Gallagher
 Bartlit Beck Herman Palenchar & Scott LLP
 Courthouse Place
 54 West Hubbard Street
 Chicago, Illinois 60610

 Kevin J. Perra (admitted pro hac vice)
 Alexander Kaplan (admitted pro hac vice)
 PROSKAUER ROSE LLP
 1585 Broadway Street
 New York, NY 10036-8299


 Attorneys for Defendants


        /s/ Michael F. Kelleher
        Michael F. Kelleher

        Attorney for Plaintiff CardioNet, Inc.

19084\2010\585362.1