UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

CARDIONET, INC.,

        Plaintiff,

  v.

LIFEWATCH CORP., HANNA
KONARZEWKA, M.D., JOEL LEHMAN
and LISA AMENT,

        Defendants.


LIFEWATCH CORP.,

        Counter-plaintiff,

  v.

CARDIONET, INC.,

        Counter-defendant.

---

Case No. 07 C 6625

Judge Suzanne B. Conlon

Magistrate Judge Morton Denlow


**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THEIR MOTION TO DISMISS COUNTS I, II, III, V and VII
OF PLAINTIFF'S SECOND AMENDED COMPLAINT**


February 12, 2008

## **PRELIMINARY STATEMENT**

The arguments CardioNet offers in its Opposition Brief to LifeWatch's motion to dismiss fail to salvage its common law tort and CFAA claims.[1] Rather, they illustrate exactly why those claims must be dismissed as a matter of law. CardioNet attempts to bolster – or perhaps simply obscure – its legally infirm claims of fraud, conversion, unfair competition and tortious interference by (i) citing to deposition testimony and other facts outside its pleading, which is impermissible on a motion to dismiss; (ii) citing to facts underlying its breach of contract claim, which is not the subject of LifeWatch's motion and, in all events, is not a contract to which LifeWatch is bound; and (iii) arguing – against the weight of the case law – that dismissing tort claims as preempted by the ITSA is not proper on a motion to dismiss.

In fact, courts in the Northern District of Illinois, including this one, <u>routinely</u> dismiss tort claims as preempted by an ITSA claim – at the motion to dismiss stage – where the factual allegations underlying the trade secrets claim also form the basis of the tort claims. That is precisely the case with CardioNet's complaint, which it has already amended <u>twice</u>. CardioNet's common-law tort claims are nothing more than restatements of its trade secret misappropriation claim. No further amendments should be permitted or would succeed in overcoming the preemption barrier CardioNet faces.

CardioNet has likewise failed to state a claim under the CFAA, because it has not alleged that any computer system, nor any data stored on a computer system, has been "damage[d]" as required under the Act. CardioNet does not even attempt to argue that any computer system has been damaged but rather continues to intentionally confuse the elements of damage caused to a

---

[1] Defined terms have the same meaning as those in Defendants' Memorandum of Law in Support of their Motion to Dismiss ("Defendants' Moving Brief").

1

computer system and monetary damages suffered due to a plaintiff's wrongful actions, both of which are required and only the latter CardioNet has alleged.

## ARGUMENT

In deciding a motion to dismiss, the court may not consider matters outside the pleadings, such as affidavits or other materials not attached to the pleadings.  See Dick Corp. v. SNC-Lavalin Constructors, Inc., 2004 U.S. Dist. LEXIS 26767 at *3-4 (N.D. Ill. Nov. 23, 2004). Thus, this Court should confine its inquiry to the allegations as plead in CardioNet's Second Amended Complaint and disregard CardioNet's submission of excerpted deposition testimony.

### I. THIS COURT MAY CONSIDER AND SHOULD DISMISS CARDIONET'S TORT CLAIMS ON THE GROUND THAT THEY ARE PREEMPTED

As this Court did in J.H. Chapman Group, Ltd. v. Chapman, 1996 U.S. Dist. LEXIS 2256, at *2 (N.D. Ill. Feb. 28, 1996), courts in this district routinely consider preemption at the motion to dismiss stage and dismiss claims as preempted where they arise out of the same conduct as the trade secret misappropriation claim.  See, e.g., Dick Corp., 2004 U.S. Dist. LEXIS 26767, at *34 (dismissing tortious interference and conversion claims to the extent they "stem from" defendants' alleged misuse of trade secrets); Do It Best, Corp. v. Passport Software, Inc., 2004 U.S. Dist. LEXIS 14174, at *36-37 (N.D. Ill. Jul. 23, 2004) (granting motion to dismiss fraud claim that "merely restate[d]" the trade secret misappropriation claim); Fox Controls, Inc. v. Honeywell, Inc., 2002 U.S. Dist. LEXIS 15663, at *5-6 (N.D. Ill. Aug. 21, 2002) (dismissing claims supported by factual allegations that "amount[ed] to a claim that [defendant] misused [plaintiff's] confidential information" and were simply restatements of [p]laintiff's claim for misappropriation of trade secrets"); Seega Mfg, Inc. v. Fortune Metal, Inc., 2001 U.S. Dist. LEXIS 16341, at *6 (N.D. Ill. Oct. 10, 2001) (dismissing claims that were "all premised on the theory that [defendant] misappropriated [plaintiff's] trade secrets – specifically the "confidential

2

proprietary information" concerning the design and manufacture of [plaintiff's] machines"); see also cases cited in Defendants' Moving Brief at 5-6.

As in the above cases, CardioNet's fraud, conversion, interference with contract and unfair competition claims are based on the <u>same factual allegations</u> that undergird its ITSA claim for misappropriation of trade secrets. As set forth in detail in Defendants' Moving Brief (at 2-3), CardioNet's common law claims are each based on LifeWatch's alleged theft of CardioNet's trade secrets. This core allegation is repeated by reference as a basis for each claim in CardioNet's Second Amended Complaint. More significant, every allegation of harm underlying each of CardioNet's common law tort claims is the alleged damage suffered due to LifeWatch having obtained CardioNet's "confidential, proprietary and trade secret information." (<u>See</u> Second Am. Compl. ¶¶ 25, 28, 33, 41, 48, 50, 55, 60(c), 69, 70, 72, 77.)

Because the ITSA "is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of this State providing civil remedies for misappropriation of a trade secret" (765 Ill. Comp. Stat. 1065/8), and "facts constituting misappropriation of trade secrets give rise to liability under the ITSA, but <u>not</u> under any other state law theory" (<u>Thomas & Betts Corp. v. Panduit Corp.</u>, 108 F. Supp. 2d 968, 971 (N.D. Ill. 2000)), CardioNet's common law tort claims must be dismissed.

CardioNet cites to several cases in its Opposition Brief where courts did not dismiss common law tort claims because there were allegations of harm stemming from actions other than the misappropriation of trade secrets or conduct that was alleged to have occurred separate from that directed at obtaining plaintiff's trade secrets. The difference in this case is that CardioNet has alleged harm <u>only</u> from the alleged loss of trade secrets.

3

Thus, for example, CardioNet's argument that LifeWatch's alleged "conversion" of its heart monitoring device is an actionable tort not preempted by its ITSA claim is belied by CardioNet's conversion claim as plead. The only harm CardioNet alleged it suffered in its claim for conversion was the "conversion of information." (See Second Am. Compl. at ¶¶ 42-48.) Even if CardioNet had pled the loss of the device as a separate basis of harm, that claim would be preempted and could not survive dismissal. See Thomas & Betts Corp. v. Panduit Corp., 108 F. Supp. 2d at 968, 973 (N.D. Ill. 2000) (dismissing conversion claim as preempted by ITSA and noting that a claim based on conversion of computers and disks belonging to plaintiff, besides the information contained within, is also preempted because the value of those items is little beyond the information contained therein).[2]

Cases holding that tort claims independent of a misappropriation claim are not preempted are of no help to CardioNet because tort claims must be substantively – not just superficially – independent. For example, in Dick Corporation, plaintiff's tortious interference claim was premised both on defendant's alleged misuse of plaintiff's confidential drawings and data and defendant's alleged solicitation of plaintiff's employees. The court dismissed the tortious interference claim as preempted to the extent the claim was premised on the misuse of confidential information, but did not dismiss the tortious interference claim to the extent it was based on alleged solicitation of employees, because solicitation of employees is "independent of the misuse of trade secrets, and a claim premised upon such an allegation is not preempted by the ITSA." See Dick Corp., 2004 U.S. Dist. LEXIS 26767, at *32-34.[3]

---

[2] Despite CardioNet's improper (and misleading) attempt to cite to deposition testimony (which the Court should ignore) which it suggests contains admissions that Ament, Lehman and LifeWatch never intended to return the devices, CardioNet has admitted that LifeWatch returned both devices.

[3] See also Automed Tech., Inc. v. Eller, 160 F. Supp. 2d 915, 922 (N.D. Ill. 2001) (finding that claims that Defendant had usurped a corporate opportunity and solicited Plaintiff's employees were independent from trade secret misappropriation claim).

4

In the J.H. Chapman case, as CardioNet itself acknowledges (see Opposition at 7), this Court dismissed plaintiff's breach of fiduciary duty claim to the extent it was based on misappropriation of trade secrets, and held that plaintiff had stated a claim for breach of fiduciary duty based on separate allegations that defendant failed to disclose to plaintiff that he was forming a competing corporation.  See J.H. Chapman, 1996 U.S. Dist. LEXIS 2256, at *8-10. CardioNet's claims for fraud, conversion, tortious interference and unfair competition are not independent of its trade secret misappropriation claim.  As LifeWatch has demonstrated, the only harm alleged on the face of the pleading for each of those claims is the purported loss of proprietary, confidential and trade secret information.

As Defendants explained in their Moving Brief (at 7-9), to the extent that the FAIP and Patriot Homes cases relied on by CardioNet hold that as long as a plaintiff alleges "other confidential information" to have been misappropriated, the common law tort claim is not preempted, those decisions contradict the intent of the ITSA and this Court's holding in J.H. Chapman Group, 1996 U.S. Dist. LEXIS 2256, at *7-8.

CardioNet also argues that the J.H. Chapman, C.H. Robinson, and Systems America cases do not support LifeWatch's contentions.  (See Opposition Brief at 8.)  In fact, those cases illustrate that this Court can and should dismiss now CardioNet's inadequately-pled claims as preempted.  Those courts properly dismissed the portions of the common-law claims that were simple restatements of the misappropriation claims, no matter how the claims were presented verbally.  (See Moving Brief at 7-9.)

CardioNet argues it has pled conduct and allegations independent of its trade secrets claims.  The facts CardioNet refers to, however, pertain only to its claim for breach of contract,

5

which is not the subject of this motion.[4] (See Opposition Brief at 9 ("Defendants tampered with its devices, in violation of their contractual obligations …"; "Defendants kept these devices for over two months . . . despite having a contractual obligation to return the devices immediately once monitoring ceased.").) Moreover, LifeWatch is not a party to the contract to which CardioNet refers and does not hold the obligations set forth in the contract CardioNet cites in its Opposition Brief.[5] CardioNet cannot use its contract claim to manipulate the language of its pleading and overcome the fact that its fraud, conversion, tortious interference and unfair competition claims are preempted because the allegations underlying those claims are entirely rooted in the same substantive acts that constitute its misappropriation claim – Defendants' alleged taking and misuse of the trade secrets embodied in the MCOT kits.

## II.    CARDIONET'S CLAIM UNDER THE COMPUTER FRAUD AND ABUSE ACT ALSO FAILS AS A MATTER OF LAW

CardioNet does not even attempt to argue that it has alleged, as the CFAA requires, that its computer system was damaged by LifeWatch's alleged actions. As LifeWatch explained in its Moving Brief, the CFAA requires that a plaintiff allege that defendant's unauthorized access to a computer resulted in "damage." 18 U.S.C. § 1030(a)(5)(A)(iii). The term "damage" is defined in the CFAA as, "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8).

---

[4] Contract claims are not preempted by the ITSA. See 765 Ill. Comp. Stat. 1065/8(b)(1); Composite Marine Propellers, Inc. v. Van Der Woude, 962 F.2d 1263, 1265 (7th Cir. 1992).

[5] The contract that CardioNet alleges is an adhesion contract between CardioNet on the one hand, and Ament and Lehman on the other, both individual defendants. In a footnote, CardioNet suggests that as their employer, CardioNet may also be bound to the contract. Whether that is an accurate statement of the law or not, CardioNet did not assert its contract claim against LifeWatch and cannot do so now, having asserted a claim for tortious interference against LifeWatch. It is black letter law that one cannot be a party to a contract and interfere with it at the same time.

In an effort to obscure the clear provisions of the CFAA that require "damage" to a computer system, CardioNet simply argues that it has asserted a compensable "loss" under the statute. "Damage" and "loss" are two entirely different elements of proof under the CFAA. Alleging "loss" does not absolve CardioNet of having to also plead "damage" as required by the statute. See Defendants' Moving Brief at 10-11; see also Spangler, Jennings, & Doherty, P.C. v. Mysliwy, 2006 U.S. Dist. LEXIS 39602, at *17-18 (N.D. Ind., Mar. 31, 2006) (denying summary judgment on plaintiff's CFAA claim because plaintiff had failed to plead any "damage" as required under the statute, and noting that the financial loss plaintiff incurred from remedial measures met the CFAA definition for "loss" but did not constitute "damage"). CardioNet completely overlooks this statutory pleading requirement in both its Second Amended Complaint and its Opposition to the instant motion. Its CFAA claim must therefore be dismissed.

**CONCLUSION**

CardioNet's claims for conversion, fraud, interference with contract and unfair competition must be dismissed because, on their face, they are preempted under the ITSA. CardioNet's claim for violation of the CFAA must also be dismissed because it is has failed to plead an essential element of that claim.

Dated: February 12, 2008

By: /s/ Sean Gallagher

BARTLIT BECK HERMAN PALENCHAR
 & SCOTT LLP
Sean Gallagher (6239367)
54 W. Hubbard, Suite 300
Chicago, IL 60610
(312) 494-4428
sean.gallagher@bartlit-beck.com

PROSKAUER ROSE LLP
Kevin J. Perra (admitted *pro hac vice*)
Alexander Kaplan (admitted *pro hac vice*)
1585 Broadway
New York, New York 10036
(212) 969-3000
kperra@proskauer.com

*Attorneys for all Defendants*

CERTIFICATE OF SERVICE

  I, Sean W. Gallagher, do hereby certify that on this 12th day of February 2008, I caused a true and correct copy of the foregoing **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS COUNTS I, II, III, V and VII OF PLAINTIFF'S SECOND AMENDED COMPLAINT** to be served via electronic mail on CardioNet through its counsel listed below:

    Thomas Duston
    MARSHALL, GERSTEIN & BORUN LLP
    233 South Wacker Drive, 6300 Sears Tower
    Chicago, IL 60606-6357
    Telephone: 312-474-6300

    Michael Kelleher
    FOLGER LEVIN & KAHN, LLP
    275 Battery Street, 23rd Floor
    San Francisco, CA 94111
    Telephone: 415-986-2800

             By: /s/ Sean W. Gallagher