UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARDIONET, INC., | |
| Plaintiff, | Case No. 07C 6625 |
| v. | District Judge Conlon |
| LIFEWATCH CORP., HANNA KONARZEWSKA, M.D., JOEL LEHMAN and LISA AMENT, | Magistrate Judge Denlow |
| Defendants. | |
| LIFEWATCH CORP., | |
| Counter-plaintiff, | |
| v. | |
| CARDIONET, INC., | |
| Counter-defendant. | |

---

**CARDIONET'S REPLY TO DEFENDANT LIFEWATCH'S COUNTERCLAIMS**

---

Plaintiff and Counterdefendant CardioNet, Inc. ("CardioNet") hereby submits this Reply

to the Counterclaims filed by Defendant LifeWatch Corp. ("LifeWatch") as follows:

1.      Replying to the allegations in ¶ 1, CardioNet denies the allegations.

2.      Replying to the allegations in ¶ 2, CardioNet denies the allegations, except that

CardioNet admits that it legitimately obtained a LifeWatch device and examined it.

3.      Replying to the allegations in ¶ 3, CardioNet denies the allegations.

4.      Replying to the allegations in ¶ 4, CardioNet denies the allegations, except that CardioNet admits that it brought suit against LifeWatch in November 2007 and that CardioNet did not describe its legitimate examination of a LifeWatch device because that examination was irrelevant to its claims.

5.      Replying to the allegations in ¶ 5, CardioNet denies the allegations and specifically denies that LifeWatch is entitled to injunctive relief or damages.

6.      Replying to the allegations in ¶ 6, CardioNet denies the allegations, except that CardioNet admits that there was complete diversity of citizenship between the parties at the time that LifeWatch filed its Counterclaims, but that complete diversity of citizenship no longer exists because CardioNet reincorporated as a Delaware corporation on February 22, 2008.

7.      Replying to the allegations in ¶ 7, CardioNet admits that venue is proper in the Northern District of Illinois and that CardioNet is subject to personal jurisdiction in this judicial district.

8.      Replying to the allegations in ¶ 8, CardioNet is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

9.      Replying to the allegations in ¶ 9, CardioNet admits that it was formerly a California corporation, but that it reincorporated in Delaware from California on February 22, 2008.  CardioNet admits the remaining allegations of ¶ 9.

10.     Replying to the allegations in ¶ 10, CardioNet admits the allegations.

11.     Replying to the allegations in ¶ 11, CardioNet is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

12.     Replying to the allegations in ¶ 12, CardioNet is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

13.     Replying to the allegations in ¶ 13, CardioNet is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

14.     Replying to the allegations in ¶ 14, CardioNet is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

15.     Replying to the allegations in ¶ 15, CardioNet is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

16.     Replying to the allegations in ¶ 16, CardioNet admits the allegations.

17.     Replying to the allegations in ¶ 17, CardioNet denies the allegations, except that CardioNet admits that during that dinner, the physician mentioned that he was prescribing a LifeWatch device for a patient, and offered to allow CardioNet to examine the device.

18.     Replying to the allegations in ¶ 18, CardioNet denies the allegations except that it admits that the physician wrote a legitimate prescription for a LifeStar ACT device for a patient with a legitimate need for diagnostic testing.  CardioNet further admits that it shipped the LifeStar ACT device to CardioNet's offices over the weekend of June 23-24, 2007 for a limited examination to determine the validity of LifeWatch's claims that its device was equivalent to the CardioNet MCOT device and to evaluate whether the LifeWatch device potentially infringed one or more CardioNet patents.

19.     Replying to the allegations in ¶ 19, CardioNet is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

20.     Replying to the allegations in ¶ 20, CardioNet denies the allegations, except that it is without knowledge and information sufficient to form a belief as to ownership of the device, and on that basis denies the allegations related to ownership.

21.     Replying to the allegations in ¶ 21, CardioNet denies the allegations, except that it admits that on June 23, 2007, three executives of CardioNet examined a legitimately obtained LifeStar ACT device by opening and inspecting the sensor and cellular phone devices, taking photographs of components, making copies of written materials in the patient kit, lifting the circuit board out of the body of the sensor, and performing limited electrical tests of the circuit board. CardioNet further states that these actions were taken to determine whether LifeWatch's marketing claims that its device was equivalent to the CardioNet device were factually correct, and to evaluate whether the LifeWatch device potentially infringed on CardioNet patents.

22.     Replying to the allegations in ¶ 22, CardioNet denies the allegations.

23.     Replying to the allegations in ¶ 23, CardioNet denies the allegations, except that it admits that Laurent Dubé truthfully denied tampering with the LifeWatch device.

24.     Replying to the allegations in ¶ 24, CardioNet denies the allegations.

25.     Replying to the allegations in ¶ 25, CardioNet denies the allegations.

26.     Replying to the allegations in ¶ 26, CardioNet denies the allegations.

27.     Replying to the allegations in ¶ 27, CardioNet denies the allegations.

28.     Replying to the allegations in ¶ 28, CardioNet denies the allegations.

29.     Replying to the allegations in ¶ 29, CardioNet denies the allegations, except that it admits that, at times when the statement was accurate and truthful, CardioNet has stated that its MCOT device was the only FDA cleared and Medicare reimbursed wireless ECG arrhythmia detection and alarm system.

30.     Replying to the allegations in ¶ 30, CardioNet denies the allegations, except that it admits that it told certain physicians and insurers that CardioNet believes that the LifeStar ACT device did not meet the FDA's requirements for approval of an arrhythmia detection and alarm system.

31.     Replying to the allegations in ¶ 31, CardioNet denies the allegations, except that CardioNet admits that it has told certain physicians and insurers that CardioNet's MCOT device is superior to and/or safer than the LifeStar ACT device in certain conditions.

32.     Replying to the allegations in ¶ 32 CardioNet denies the allegations, except that it admits that it has brought trade secret and other claims against LifeWatch and other defendants.

33.     Replying to the allegations in ¶ 33, CardioNet denies the allegations, except that it admits that it did not describe its examination of a legitimately obtained LifeWatch device in its pleadings, because that examination was irrelevant to its claims.

## REPLY TO FIRST CAUSE OF ACTION
### (Misappropriation of Trade Secrets)

34.     Replying to the allegations in ¶ 34, CardioNet realleges and incorporates its answers to paragraphs 1 through 33.

35.     Replying to the allegations in ¶ 35, CardioNet is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

36.     Replying to the allegations in ¶ 36, CardioNet is without knowledge or

information sufficient to form a belief as to the truth of the allegations, and on that basis denies

the allegations contained therein.

37.     Replying to the allegations in ¶ 37, CardioNet denies the allegations.

38.     Replying to the allegations in ¶ 38, CardioNet denies the allegations.

39.     Replying to the allegations in ¶ 39, CardioNet denies the allegations.

40.     Replying to the allegations in ¶ 40, CardioNet denies the allegations.

41.     Replying to the allegations in ¶ 41, CardioNet denies the allegations.

## REPLY TO SECOND CAUSE OF ACTION
### (Violation of the Lanham Act)

42.     CardioNet makes no reply to allegations in ¶¶ 42-45 because the court dismissed

this claim on February 27, 2008 in Judge Conlon's Memorandum Opinion and Order (Docket

No. 72).

## REPLY TO THIRD CAUSE OF ACTION
### (Violation of Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2)

43.     CardioNet makes no reply to allegations in ¶¶ 46-52 because the court dismissed

this claim on February 27, 2008 in Judge Conlon's Memorandum Opinion and Order (Docket

No. 72).

## REPLY TO FOURTH CAUSE OF ACTION
### (Violation of Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/2)

44.     CardioNet makes no reply to allegations in ¶¶ 53-59 because the court dismissed

this claim on February 27, 2008 in Judge Conlon's Memorandum Opinion and Order (Docket

No. 72).

## REPLY TO FIFTH CAUSE OF ACTION
### (Interference with Expectation of Business Relationships)

45.    Replying to the allegations in ¶ 60, CardioNet realleges and incorporates its

answers to paragraphs 1 through 59.

46.    Replying to the allegations in ¶ 61, CardioNet denies the allegations.

47.    Replying to the allegations in ¶ 62, CardioNet denies the allegations.

48.    Replying to the allegations in ¶ 63, CardioNet denies the allegations.

## REPLY TO SIXTH CAUSE OF ACTION
### (Common Law Unfair Competition)

49.    Replying to the allegations in ¶ 64, CardioNet realleges and incorporates its

answers to paragraphs 1 through 63.

50.    Replying to the allegations in ¶ 65, CardioNet denies the allegations.

51.    Replying to the allegations in ¶ 66, CardioNet denies the allegations.

52.    Replying to the allegations in ¶ 67, CardioNet denies the allegations.

53.    Replying to the allegations in ¶ 68, CardioNet denies the allegations.

54.    Replying to the allegations in ¶ 69, CardioNet denies the allegations.

## REPLY TO PRAYER FOR RELIEF

55.    Replying to the allegations in ¶ 1 of the prayer for relief, CardioNet denies that

LifeWatch is entitled to the requested relief.

56.    Replying to the allegations in ¶ 2.a of the prayer for relief, CardioNet denies that

LifeWatch is entitled to the requested relief.

57.    Replying to the allegations in ¶ 2.b of the prayer for relief, CardioNet denies that

LifeWatch is entitled to the requested relief.

58.     Replying to the allegations in ¶ 2.c of the prayer for relief, CardioNet denies that LifeWatch is entitled to the requested relief.

59.     Replying to the allegations in ¶ 2.d of the prayer for relief, CardioNet denies that LifeWatch is entitled to the requested relief.

60.     Replying to the allegations in ¶ 2.e of the prayer for relief, CardioNet denies that LifeWatch is entitled to the requested relief.

61.     Replying to the allegations in ¶ 3 of the prayer for relief, CardioNet denies that LifeWatch is entitled to the requested relief.

62.     Replying to the allegations in ¶ 4 of the prayer for relief, CardioNet denies that LifeWatch is entitled to the requested relief.

<u>**AFFIRMATIVE DEFENSES**</u>

**FIRST AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF**
**(Failure to State a Claim)**

As a first and separate defense to LifeWatch's Counterclaims, and solely by way of an alternative defense, not to be construed as an admission, CardioNet alleges that LifeWatch's Counterclaims and each purported claim for relief therein fail to state facts sufficient to constitute a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF**
**(No Damages)**

As a second and separate defense to LifeWatch's Counterclaims, and solely by way of an alternative defense, not to be construed as an admission, CardioNet alleges that LifeWatch has failed to state facts sufficient to provide a legal or factual basis to award special or general damages under any of the claims for relief alleged in the Counterclaims.

**THIRD AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF**
**(No Punitive Damages)**

As a third and separate defense to LifeWatch's Counterclaims, and solely by way of an alternative defense, not to be construed as an admission, CardioNet alleges that LifeWatch has failed to state facts sufficient to provide a legal or factual basis to award exemplary or punitive damages under any of the claims for relief alleged in the Counterclaims and further that excessive punitive damages awards violate the due process clauses of the United States Constitution and the Illinois Constitution.

**FOURTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF**
**(Good Faith)**

As a fourth and separate defense to LifeWatch's Counterclaims, and solely by way of an alternative defense, not to be construed as an admission, CardioNet acted without malice and with a good faith belief in the propriety of its conduct.

**FIFTH AFFIRMATIVE DEFENSE TO FIFTH AND SIXTH CLAIMS FOR RELIEF**
**(Failure to Plead with Required Specificity)**

As a fifth and separate defense to LifeWatch's Counterclaims, and solely by way of an alternative defense, not to be construed as an admission, CardioNet alleges the claims are barred because LifeWatch failed to plead its claims for fraud with the requisite specificity.

**SIXTH AFFIRMATIVE DEFENSE TO FIFTH AND SIXTH CLAIMS FOR RELIEF**
**(Truth)**

As a sixth and separate defense to LifeWatch's Counterclaims, and solely by way of an alternative defense, not to be construed as an admission, CardioNet alleges that its representations made in marketing its product, that its MCOT device is the only FDA approved and Medicare reimbursed arrhythmia detector and alarm system, were true when made.

**SEVENTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF**
**(No Basis for Attorneys' Fees or Costs)**

As a seventh and separate defense to LifeWatch's Counterclaims, and solely by way of an alternative defense, not to be construed as an admission, CardioNet alleges that LifeWatch has failed to state facts sufficient to provide a legal or factual basis to award attorneys' fees or costs to LifeWatch.

**EIGHTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF**
**(Failure to Mitigate)**

As an eighth and separate defense to LifeWatch's Counterclaims, and solely by way of an alternative defense, not to be construed as an admission, CardioNet alleges that LifeWatch's damages, if any, are barred to the extent that it failed to mitigate any damage, and any recovery of damages, if any there be, should be reduced in the amount by which it should have mitigated the alleged damages.

**NINTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF**
**(Justification)**

As a ninth and separate defense to LifeWatch's Counterclaims, and solely by way of an alternative defense, not to be construed as an admission, CardioNet alleges that the conduct of CardioNet toward LifeWatch, if any, was justified.

**TENTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF**
**(Set-Off)**

As a tenth and separate defense to LifeWatch's Counterclaims, and solely by way of an alternative defense, not to be construed as an admission, CardioNet alleges that if LifeWatch is entitled to any recovery in this action, which CardioNet denies, CardioNet is entitled to a set-off for the losses incurred as a result of LifeWatch's wrongdoing.

### ELEVENTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Estoppel)

As an eleventh and separate defense to LifeWatch's Counterclaims, and solely by way of

an alternative defense, not to be construed as an admission, CardioNet alleges that LifeWatch's

Counterclaims and each purported claim for relief therein, are barred by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Unclean Hands)

As a twelfth and separate defense to LifeWatch's Counterclaims, and solely by way of an

alternative defense, not to be construed as an admission, CardioNet alleges that LifeWatch's

Counterclaims and each purported claim for relief therein, are barred by the doctrine of unclean

hands.

### THIRTEENTH AFFIRMATIVE DEFENSE TO ALL CLAIMS FOR RELIEF
### (Competition Privilege)

As a thirteenth and separate defense to LifeWatch's Counterclaims, and solely by way of

an alternative defense, not to be construed as an admission, CardioNet alleges that the conduct of

CardioNet toward LifeWatch, if any, was privileged.

### ADDITIONAL AFFIRMATIVE DEFENSES

CardioNet reserves the right to assert additional affirmative defenses as discovery and

analysis progress.

WHEREFORE, CardioNet prays for judgment as follows:

1.      That the Counterclaims be dismissed with prejudice;

2.      That the Court enter judgment in favor of CardioNet;

3.      That CardioNet be awarded its costs and expenses incurred in the defense of these

Counterclaims, including attorney's fees; and

-11-

4.    That CardioNet be awarded such other and further relief as the Court deems

proper.

Respectfully submitted,

CARDIONET, INC.

Dated: March 13, 2008

By: s/ Michael F. Kelleher
  Michael F. Kelleher (admitted pro hac vice)
  Julie L. Fieber (admitted pro hac vice)
  Amy L. Kashiwabara (admitted pro hac vice)
  FOLGER LEVIN & KAHN LLP
  Embarcadero Center West
  275 Battery Street, 23rd Floor
  San Francisco, CA  94111
  Telephone: (415) 986-2800
  Facsimile: (415) 986-2827

  Thomas L. Duston
  Gregory J. Chinlund
  Julianne M. Hartzell
  MARSHALL, GERSTEIN & BORUN LLP
  233 South Wacker Drive, 6300 Sears
  Tower
  Chicago, Illinois 60606-6357
  Telephone: (312) 474-6300
  Facsimile: (312) 474-0448

  Attorneys for Plaintiff and Counter-
  defendant CARDIONET, INC.

19084\2010\592320.1