UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

CARDIONET, INC.,

      Plaintiff,

  v.

LIFEWATCH CORP., HANNA
KONARZEWKA, M.D., JOEL LEHMAN
and LISA AMENT,

      Defendants.
_____

LIFEWATCH CORP.,

      Counterclaim-plaintiff,

  v.

CARDIONET, INC.,

      Counterclaim-defendant.
_____

Case No. 07 C 6625

Judge Suzanne B. Conlon

Magistrate Judge Morton Denlow

## ANSWER

Defendants LifeWatch Corp. ("LifeWatch"), Dr. Hanna Konarzewka, Joel Lehman and Lisa Ament (collectively, "Defendants"), by and through their counsel, Proskauer Rose LLP and Bartlit Beck Herman Palenchar & Scott LLP, as and for their answer to the allegations set forth in the Second Amended Complaint (the "Complaint") of plaintiff CardioNet, Inc. ("Plaintiff"), hereby state as follows:

    1.    Defendants deny the allegations in Paragraph 1.

1

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 and on that basis deny the same.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants admit the allegations in Paragraph 4.

5. Defendants admit the allegations in Paragraph 5, except deny that Defendant Konarzewka is presently a contractor or employee of Defendant LifeWatch.

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants admit that they are subject to personal jurisdiction in the United States District Court for the Northern District of Illinois but otherwise deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 and on that basis deny the same.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and on that basis deny the same.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 and on that basis deny the same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 and on that basis deny the same.

15. Defendants admit that a document is attached to the Complaint as Exhibit C titled "Assignment of Benefits & Service Agreement," but otherwise lack knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 and on that basis deny the same.

16. Defendants admit that Plaintiff purports in Paragraph 16 to quote from Exhibit C, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 and on that basis deny the same.

17. Defendants admit that Plaintiff purports in Paragraph 17 to quote from Exhibit C, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 and on that basis deny the same. Defendants also deny the allegations in Paragraph 17 to the extent they state a legal conclusion.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21, except Defendants admit that Dr. Konarzewka signed a prescription for CardioNet's MCOT services for Lehman and Ament.

22. Defendants deny the allegations in Paragraph 22, except Defendants admit that Plaintiff provided Lehman and Ament with heart monitoring devices.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported actions in Paragraph 24 and on that basis deny the same. Defendants deny the remaining allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29, except Defendants admit that Plaintiff's counsel wrote letters to LifeWatch and Dr. Konarzewka.

30. Defendants admit that their counsel sent a letter to Plaintiff's counsel on November 20, 2007 stating that "LifeWatch's actions were taken with the intent to ensure that its patents or other proprietary rights have not been infringed." Defendants deny the remainder of the allegations in Paragraph 30.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis deny the same.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis deny the same, except admit that LifeWatch returned the kit to Plaintiff's representative on November 26, 2007.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants reallege and incorporate by reference paragraphs 1 through 33 of this Answer.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants reallege and incorporate by reference Paragraphs 1 through 41.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants reallege and incorporate by reference Paragraphs 1 through 50.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants reallege and incorporate by reference Paragraphs 1 through 57.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62 and further deny that Plaintiff has suffered any harm, irreparable or otherwise.

63. Defendants reallege and incorporate by reference Paragraphs 1 through 62.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants reallege and incorporate by reference Paragraphs 1 through 67.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants are not obligated to respond to Paragraph 74 because Plaintiff's claim for Common Law Unfair Competition has been dismissed by the Court.

75. Defendants are not obligated to respond to Paragraph 75 because Plaintiff's claim for Common Law Unfair Competition has been dismissed by the Court.

76. Defendants are not obligated to respond to Paragraph 76 because Plaintiff's claim for Common Law Unfair Competition has been dismissed by the Court.

77. Defendants are not obligated to respond to Paragraph 77 because Plaintiff's claim for Common Law Unfair Competition has been dismissed by the Court.

78. Defendants are not obligated to respond to Paragraph 78 because Plaintiff's claim for Common Law Unfair Competition has been dismissed by the Court.

## **AFFIRMATIVE DEFENSES**

Further answering the Complaint, Defendants plead the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole, or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because there is no valid agreement between Plaintiff and Defendant Lehman or Ament.

### FIFTH AFFIRMATIVE DEFENSE

CardioNet's misappropriation of trade secrets claim is barred, in whole or in part, by the defense of independent creation.

WHEREFORE, Defendants demand Judgment as follows:

a. Dismissing the Complaint in its entirety, with prejudice;

b. Awarding Defendants their costs and reasonable attorneys' fees;

c. Granting Defendants such other and further relief as this Court deems just and proper.

JURY DEMAND: Defendants demand trial by jury on all of Plaintiff's claims for relief.

Dated: March 14, 2008

By: /s/ Sean Gallagher

BARTLIT BECK HERMAN PALENCHAR
 & SCOTT LLP
Sean Gallagher (6239367)
54 W. Hubbard, Suite 300
Chicago, IL 60610
(312) 494-4428
sean.gallagher@bartlit-beck.com

        PROSKAUER ROSE LLP
Kevin J. Perra (Admitted *pro hac vice*)
Alexander Kaplan (Admitted *pro hac vice*)
1585 Broadway
New York, New York  10036
(212) 969-3000
kperra@proskauer.com

*Attorneys for Defendants*

8

CERTIFICATE OF SERVICE

I, Sean W. Gallagher, do hereby certify that on this 14th day of March 2008, I caused a true and correct copy of the foregoing **ANSWER** to be served via electronic mail on CardioNet through its counsel listed below:

> Thomas Duston
> MARSHALL, GERSTEIN & BORUN LLP
> 233 South Wacker Drive, 6300 Sears Tower
> Chicago, IL 60606-6357
> Telephone: 312-474-6300

> Michael Kelleher
> FOLGER LEVIN & KAHN, LLP
> 275 Battery Street, 23rd Floor
> San Francisco, CA 94111
> Telephone: 415-986-2800

By: /s/ Sean W. Gallagher